Michael Rapkine (#222811)
    mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
301 N. Lake Ave, Suite 1100
Pasadena, CA  91101-4158
Telephone: (626) 535-1900
Facsimile:  (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.
("Wells Fargo")

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUANN D. SMITH and RUSSELL A. ROBINSON,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP; WELLS FARGO BANK, NA; and DOES 1- 40,<br><br>                    Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A., PURSUANT TO 28 U.S.C. §§ 1441(b), 1331 & 1334**<br><br>**[FEDERAL QUESTION]** |

TO PLAINTIFFS, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE

HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:

          PLEASE TAKE NOTICE that defendant WELLS FARGO BANK, N.A. ("Wells Fargo")

hereby provides this Notice of Removal pursuant to U.S.C. §§ 1441(b), 1331 and 1334, based on

federal question jurisdiction.  The action is hereby removed to this Court from the state court, as

more particularly set forth below.

## 1.    THE STATE COURT ACTION

          On August 30, 2018, plaintiffs Equaan D. Smith and Russell A. Robinson ("plaintiffs")

commenced an action in the Superior Court of the State of California for the County of Alameda,

1   Case No. RG18918954. (the "State Court Action".)  Neither defendant Wells Fargo nor

2   defendant Barrett, Daffin, Frappier, Treder & Weiss, LLP ("Barrett Daffin") have appeared in

3   the State Court Action.

4        A copy of the complaint filed in the State Court Action is attached hereto as <u>Exhibit A</u>.

5   Attached collectively hereto as <u>Exhibit B</u> are all other documents filed in the State Court Action

6   which are in Wells Fargo's possession.

7   **2.       FEDERAL QUESTION JURISDICTION**

8        **A.       <u>Legal Standard for Removal Under Federal Question Jurisdiction</u>**

9        Cases filed in state court may be removed to federal court where the district court has

10  original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a).  District courts "have

11  original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the

12  United States." 28 U.S.C. § 1331.

13       "The existence of federal question jurisdiction is ordinarily determined from the face of

14  the complaint." *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc*., 159 F.3d 1209,

15  1211 (9th Cir. 1998).  Under the well-pleaded complaint rule, a defendant may remove a case to

16  federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law."

17  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis

18  omitted); *see also, Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that federal

19  jurisdiction is appropriate when it is presented on the face of plaintiff's well-pleaded complaint);

20  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (same).

21       A case "arises under" federal law when the complaint "establishes either that federal law

22  creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

23  of a substantial question of federal law." *Franchise Tax Bd*., *supra*, 463 U.S. at 27-28.  It is well-

24  established that a single claim over which federal question jurisdiction exists is sufficient for

25  removal. See e.g., *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 563 (2005); *City*

26  *of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-66 (1997).

27       Furthermore, district courts have supplemental jurisdiction over related claims. *See* 28

28  U.S.C. § 1367(a) (providing in pertinent part that: "in any civil action of which the district courts

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

2   claims that are so related to claims in the action within such original jurisdiction that they form

3   part of the same case or controversy under Article III of the United States Constitution").

4       Finally, removal from the Superior Court is appropriate because Congress expressly

5   granted district courts jurisdiction over bankruptcy matters pursuant to 28 U.S.C. § 1334.  As

6   outlined in Section 2(B) of this removal notice, a large portion of plaintiffs' action turns upon

7   whether the defendants violated the automatic stay provision of the Bankruptcy Code.

8       **B.**    **Plaintiffs' Complaint Alleges Federal Law Violations**

9       This Court has jurisdiction of the instant action under 28 U.S.C. §§ 1331 and 1334

10  because the complaint contains allegations that Wells Fargo violated the automatic stay provision

11  of the U.S. Bankruptcy Code, 11 U.S.C. § 362(a).  Specifically, plaintiffs allege that defendants

12  Wells Fargo and Barrett Daffin violated the automatic stay by proceeding with a trustee's sale of

13  the property following the bankruptcy filing of plaintiff Russell A. Robinson. (e.g., Comp. ¶¶ 28-

14  31, 41-42 & 45-46.)  On May 31, 2018, Mr. Robinson filed a Chapter 13 petition with the U.S.

15  Bankruptcy Court, Northern District of California, Case No. 18-41273. (Comp. ¶ 28.)  The

16  Chapter 13 case was overseen by the Honorable Roger L. Efremsky, and the bankruptcy was

17  dismissed on July 10, 2018, due to Mr. Robinson's failure to file various information.  Based on

18  the fact that a bankruptcy petition was filed on the morning of the trustee's sale, plaintiffs assert

19  a cause of action for violation of 11 U.S.C. § 362(a). (Comp. ¶¶ 45-46.)

20      Thus, federal law applies because claims arising under the laws of the United States, or

21  "federal questions," are presented, which gives this Court jurisdiction under 28 U.S.C. §§ 1331

22  and 1334, and makes the State Court Action removable under 28 U.S.C. § 1441(a) and (b).

23  **3.**    **TIMELINESS**

24      This removal notice is timely under 28 U.S.C. § 1446(b), because Wells Fargo received

25  service of process (*i.e.*, the summons and complaint in the State Court Action) via personal

26  service on September 27, 2018.  Defendant Wells Fargo has not appeared in the State Court

27  Action. *Destfino v. Reiswig, et al.,* 630 F.3d 952, 956 (9th Cir. Cal. 2011) ("we hold that each

28  defendant is entitled to thirty days to exercise his removal rights after being served").  Nor have

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   any other defendants appeared in the State Court Action.

2         Counsel for defendant Barrett, Daffin, Frappier, Treder & Weiss, LLP confirms that it

3   also received service of process on September 27, 2018, and Barrett Daffin has executed a

4   Consent to Removal of Action which is being filed concurrently herewith.

5         As no doe defendants have been identified or served at this time, no joinder of unserved

6   defendants is required to perfect removal of the State Court Action. *Salveson v. Western States*

7   *Bankcard Ass'n,* 730 F.2d 1423, 1429 (9th Cir. 1984).

8   **4.    INTRA-DISTRICT ASSIGNMENT**

9         This case is being removed to the Northern District of California (San Francisco/Oakland

10  Division) because the existing State Court Action is pending in Alameda County.

11  **5.    OTHER PERTINENT INFORMATION**

12        A.    Pursuant to 28 U.S.C. § 1446(a), Wells Fargo files this removal notice in the

13  District Court of the United States for the district and division within which the State Court

14  Action is pending.

15        B.    Pursuant to 28 U.S.C. § 1446(d), a copy of this removal notice and its attachments

16  will promptly be served on plaintiffs in the State Court Action, and notice thereof will be filed

17  with the clerk of the Alameda County Superior Court.

18        C.    Wells Fargo understands that pursuant to General Order No. 24 within the

19  Northern District, the Court has broad discretion to refer this action to the bankruptcy court,

20  given the presence of a claim by plaintiffs that there has been a violation of the automatic stay

21  provision.  As noted above in this removal notice, plaintiff Russell Robinson's bankruptcy (Case

22  No. 18-41273) was dismissed by the Honorable Roger L. Efremsky in July 2018; however, it is

23  Wells Fargo's intention to bring a motion to reopen the bankruptcy case and seek retroactive

24  relief from the automatic stay under 11 U.S.C. § 362(d)(2).  Accordingly, Wells Fargo

25  respectfully submits that a transfer to Judge Efremsky's courtroom would be appropriate.

26  / / /

27  / / /

28  / / /

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1    In light of the foregoing, defendant Wells Fargo hereby removes the State Court Action

2  (Alameda County Superior Court Case No. RG18918954) to the United States District Court for

3  the Northern District of California, San Francisco/Oakland Division.

4

5                                                     Respectfully submitted,

6  Dated:  October 4, 2018                   ANGLIN, FLEWELLING, RASMUSSEN,
                                                       CAMPBELL & TRYTTEN LLP
7

8                                            By:    /s/ Michael Rapkine
                                                       Michael Rapkine
9                                                      mrapkine@afrct.com
                                             Attorneys for Defendant
10                                           WELLS FARGO BANK, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1 | Russell A. Robinson, SBN 163937
2 | Law Office of Russell A. Robinson
  | 345 Grove Street, 1st Floor
3 | San Francisco, CA 94102
  | Phone:      415.861.4416
4 | Fax:        415.431.4526
  | rlaw345@gmail.com

ENDORSED
FILED
ALAMEDA COUNTY

AUG 3 0 2018

CLERK OF THE SUPERIOR COURT
By _____
           CURTIYAH GAVIEA
                              Deputy

5 | Counsel for Plaintiffs
6 | **ÉQUAAN D. SMITH and**
  | **RUSSELL A. ROBINSON**

7

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF ALAMEDA

11 | ÉQUAAN D. SMITH and RUSSELL A.        Case No.
   | ROBINSON,
12 |                                       **VERIFIED COMPLAINT FOR DAMAGES AND**
   |                                       **INJUNCTIVE RELIEF**
13 |              Plaintiffs,             [Real Property]
14 | v.                                    [Jury Trial Demanded]
15 | BARRETT, DAFFIN, FRAPPIER, TREDER
   | & WEISS, LLP; WELLS FARGO BANK,
16 | NA; and, DOES 1-40,
17 |              Defendants.           /  APN:  48E-7346-025
18 | COMES NOW PLAINTIFFS STATE AS FOLLOWS:

19 | **JURISDICTION AND VENUE**

20 |        1.     This case involves a piece of real property located at 6646 Saroni Drive, in

21 | Oakland (the Property).  The Property has been owned by Plaintiff ÉQUAAN D. SMITH since

22 | June 2004.  By virtue of his marriage to SMITH, Robinson has an established community

23 | property interest in the Property as well as a February 28, 2018, recorded interest in the

24 | Property. Plaintiff ÉQUAAN D. SMITH purchased the Property in 2004, obtaining title through a

25 | deed recorded on about June 7, 2004.

26 |        2.     Plaintiffs' claims arose in and around the City of Oakland, County of Alameda.

27 | Thus, venue is proper herein at the time this action is commenced.

28 | ///

---

*Smith, et al., v. Barrett, Daffin, et al.*                                          P001
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

## PARTIES

3.      Plaintiff ÉQUAAN D. SMITH is an adult, African-American woman residing in the County of Alameda. Plaintiff RUSSELL A. ROBINSON is a male, legally married to Smith on April 10, 2004, and residing with Smith at the Property.

4.      Plaintiff is informed and believes that Defendant BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP (Barrett), claims to be Trustee in connection with a Notice of Trustee Sale pertaining to the Property. Barrett ostensibly claims that in 2016 it received assignment of the deed of trust dated May 19, 2004. On information and belief, WELLS FARGO BANK, NA (Wells) claims to be successor in interest to WACHOVIA MORTGAGE FSB (Wachovia), which itself may have been formerly known as, or is successor in interest to, WORLD SAVINGS BANK, FSB (World). World was Smith's lender in 2004.

5.      On information and belief, Wells is or was at relevant times a bank, organized under laws as those laws pertain to the creation and maintenance of such financial institutions, incorporated in the State of California, registered with the California Secretary of State. On information and belief, Barrett is not registered with the California Secretary of State, and thus is not authorized to conduct business or to maintain actions in the California. Barrett's failure to be admitted violates California law. In order to form in California, an LLP must first register with the California Secretary of State. An LLP formed in another state must register with the California Secretary of State prior to conducting business in the state. Barrett has done neither.

6.      On information and belief, Premiere Asset Services (PAS) is a department of Wells through another Wells' division, Wells Fargo Home Mortgage. PAS apparently sells foreclosed real properties on behalf of Wells and other institutions as an REO (Real Estate owned property) out-sourcer and evaluation service provider operating a nationwide basis. Plaintiffs are not able to determine whether PAS is an independent company; in California, there is no such company registered with the Secretary of State which remains in good standing. Thus, Plaintiffs sue Wells here intending that all of its various divisions, DBA's, and shell companies be bound by this action.

///

EXHIBIT A to Notice of Removal
Page 7

7.      Plaintiffs are ignorant of the identities of Defendants DOES 1 though 40, and therefore sue such defendants as fictitiously named persons/entities, whose true identities and roles in the events which are the subject matter of this complaint are presently unknown. Plaintiffs will amend this complaint to identify fictitiously named Defendants and to set forth facts relating to each when same become known to Plaintiffs. Plaintiffs are informed and believe and thereon allege that each DOE Defendant is legally responsible for events alleged herein which caused injury and damage to Plaintiffs.

8.      In doing acts or omissions alleged, Defendants and each of them were acting in the course and scope of their employment with their respective agencies. In doing the acts or omissions alleged, Defendants claimed to have acted under authority of California law.

9.      In doing acts or omissions alleged, each Defendant acted as the agent, servant, employee, and/or in concert with each of the other Defendants herein.

SPECIFIC FACTS

10.     On or about May 19, 2004, Plaintiff Smith made, executed and delivered to World a Note for the sum of $629,000.00 (the "Note"). Pursuant to the Note, Plaintiff was obligated to make monthly payments for thirty (30) years, until 2034, when all outstanding amounts are due and payable. At about the same time, Smith made, executed and delivered to World a Deed of Trust (the "Deed of Trust") granting World a security interest in the Property at 66646 Saroni Drive, in Oakland, which is more fully described in the Deed of Trust, and not to exceed a sum certain. The Deed of Trust was recorded on about June 7, 2004.

11.     On information and belief, on about December 31, 2007, World Savings Bank, FSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB.

12.     On or about November 1, 2009, on information and belief, Wachovia Mortgage FSB converted to a national bank with the name Wells Fargo Bank Southwest, National Association; effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged with Wells Fargo Bank, National Association. Title of the Property was not changed to reflect this change in ownership; thus, Wells was never the owner of the note secured by Plaintiff's property; World remains the owner of the note.

13. Plaintiffs eventually were unable to meet obligations under the terms of the loan.

14. Monthly payments were missed as the amount due continued to increase under the adjustable feature (ARM) of the subject note. Smith was forced into bankruptcy in 2010.

15. Smith did not understand this essential doubling of her monthly payments under the note. This hidden penalty substantially prejudiced her ability to meet the escalating obligations due under the note.

16. Eventually, after rejecting Plaintiffs' 2016 request for loan modification, Wells placed Smith into default. Smith is unclear as to the exact date she was placed into default, but does know that Wells ultimately rejected her modification request, falsely stating on September 21, 2016, that "We are sending you a letter to inform you that we will no longer be considering your application for mortgage assistance. . . . [because] we have not received all of the required documents; therefore, we can no longer move forward with your application." Plaintiffs provided everything to Wells during the modification process. Some items were sent several times because Wells denied receiving the materials. In addition, the reason Wells gave for rejecting the modification request just days before September 21, 2016, was that Smith would be "unable to afford" the modified monthly loan payment – but Wells never informed Plaintiffs what that amount would be, how that amount was determined, etc., despite several requests to specify that monthly amount and the basis(es) of the amount's determination. Nonetheless, the parties eventually resolved the issues arising from that failed modification and entered an agreement in the latter half of 2017 by which Wells promised to conduct a good faith loan modification; Wells failed to perform under that agreement.

17. On information and belief, Wells contends that the estimated payoff owing under the Note as of January 31, 2018, was $1,073,828.64. Wells also claimed that as of January 31, 2018, the reinstatement amount was $515,263.03. Upon receiving this reinstatement quote only upon demand by Plaintiffs, Plaintiffs requested Wells provide an accounting with detailed breakdown of the reinstatement amount so Plaintiffs could tender that amount to Wells before February 27, 2018. There was another settlement.

18. The sale date was apparently pushed out to April and then to May 31, 2018.

Smith, et al., v. Barrett, Daffin, et al.
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF                                    - 4 -                                              P001

EXHIBIT A to Notice of Removal
Page 9

19.    Wells and/or Barrett never posted notice of the trustee sale on the Property.

20.    Wells and/or Barrett have not executed several of the documents pertaining to the Trustee sale.

21.    With regard to a trustee sale, Barrett recorded a notice of default.  This was before any substitution or assignment from World to Barrett.

22.    On information and belief, on about April 11, 2016, Defendant Barrett caused to be recorded a substitution of trustee from Wells to Barrett, but the substitution did not involve World or Wachovia.

23.    On information and belief, on about April 19, 2016, Defendant Barrett caused to be recorded notice of default, without a substitution from World or Wachovia, to Wells, and without recording a notice of default by the bona fide trustee.  On information and belief, on about June 2, 2016, and again June 7, 2016, Barrett recorded cancellations of default notices.

24.    After the pre-textual and bizarre contradictory rejection of Plaintiffs' request for home loan modification (Wells requested and claimed to have considered Robinson's financial information in addition to that of Smith in the several modification submissions), on information and belief Barrett caused a notice of default and notice of trustee sale to be recorded.

25.    Plaintiffs are informed that Defendants claim title to the Property as described above despite (or pursuant to) defective foreclosure notice and trustee sale.

26.    Plaintiffs demanded Defendants cease their conduct and that Defendants not carry through with the sale, but Defendants refuse to cease all unlawful activity.

27.    On May 29, 2018, Plaintiff Smith attempted to tender the claimed amount in arrears to Wells.  That good faith effort went nowhere.

28.    The morning of May 31, 2018, Robinson recorded his February 28, 2018, interest in the Property.  He also that morning filed a Chapter 13 bankruptcy petition to enjoin sale of the Property (case number 18-41273).

29.    Before noon on May 31, 2018, Robinson contacted both Wells and Barrett.  He gave them the bankruptcy case number.  Before 12:30 p.m., on May 31, 2018, Robinson met with the designated auctioneer at the location behind 1225 Fallon Street in Oakland where

EXHIBIT A to Notice of Removal
Page 10

1    foreclosed real properties are sold (usually on Thursdays) at auction.

2           30.    The sale did not proceed as scheduled time on May 31, 2018 (12:30 p.m.). Both

3    Wells and Barrett assured Robinson (11:53 a.m. and 1:30 p.m., as to Wells; and, 11:48 a.m.,

4    12:31 p.m., and 1:29 p.m., as to Barrett) that the house would not be sold or auctioned on May

5    31, 2018. Yet, the auctioneer remained "standing by for instructions" and the auction had not

6    yet been canceled (one reason Robinson called Wells and Barrett seeking assurances). All of

7    the relevant documents were delivered to the auctioneer before 12:30 a.m., who had "scanned"

8    and sent photographs of the petition, the recorded interest, and other materials establishing

9    both (a) Robinson's ownership interest in the Property, and (b) the automatic stay.

10          31.    Suddenly, after 1:32 p.m., on May 31, 2018, the auctioneer announced that the

11   Property would be sold that day.. He made his announcements and disclaimers. Robinson then

12   announced that the sale was prohibited by law by virtue of the automatic stay and that anyone

13   purchasing the property on May 31, 2018, would be violating and in contempt of that stay.

14          32.    None of the persons present on May 31, 2018, actually bid on the Property.

15          33.    According to the auctioneer, Wells bought the property back from Barrett,

16   constituting the "sale," for $1,051,315.22.

17          34.    Shortly after June 6, 2018, Plaintiffs learned that PAS was handling negotiations

18   for a buy-out; PAS offered "cash for keys" if Plaintiffs moved.

19          35.    On July 31, 2018, through a July 20, 2018, mailing from the Superior Court of

20   Alameda County – which concerned the masking of eviction proceedings, Plaintiffs learned an

21   unlawful detainer case had been filed against them. Defendants never posted or otherwise

22   served a notice to quit. That case number is RG-18-913450.

23          36.    On August 25, 2018, Plaintiffs learned Wells was now actively marketing their

24   home, as of August 24, 2018. The asking price was below $1,000,000.

25          37.    On August 28, 2018, Plaintiffs learned Barrett, on behalf of Wells, had attempted

26   to obtain an order permitting service of the unlawful detainer case by "posting" in lieu of actual,

27   personal service. No process server ever visited the property. Smith is home all day typically

28   on Fridays (she usually works Monday through Thursday in San Jose). Robinson often works

---

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF                                    - 6 -                                                    P001

1   from home because, in part, of pick-up times of the couple's 11-year-old son starting at 12:30

2   p.m., the week of August 13, 2018, and set for 3:30 p.m., the week of August 20, 2018.  No

3   process server ever visited the Property; no business card was left; no neighbors reported

4   contacts; no such efforts were ever made.

5          38.    Also on August 28, 2018, Plaintiffs obtained a copy of the unlawful detainer

6   complaint filed July 19, 2018.  Attached to that complaint is a June 26, 2018, Three Day Notice

7   To Quit which indicates the non-judicial foreclosure "sale" (of May 31, 2018) resulted in the

8   Trustee's Deed Upon Sale being recorded on June 7, 2018 (attached to the same unlawful

9   detainer complaint is a copy of the recorded Trustee's Deed Upon Sale, showing a June 6,

10  2018, date of recording).

11         39.    Thus, the entire unlawful detainer case is based on false documents, fake efforts

12  at service, and/or misleading statements.

13         40.    At all times relevant to this complaint, Plaintiffs were the owner of the Property

14  located within Alameda County, State of California commonly known as 6646 Saroni Drive, in

15  Oakland California.  The legal description of the property is as follows:

16         LOT 293, ACCORDING TO THE MAP OF MONTCLAIR HIGHLANDS FILED

17         SEPTEMBER 11, 1925, IN THE OFFICE OF THE COUNTY RECORDER O F

18         ALAMEDA COUNTY AND RECORD IN MAP BOOK 4, PAGES 88 AND 89.

19         APN: 048E-7346-025.

20         41.    An order for relief was entered in this case before noon on May 31, 2018,

21  pursuant to 11 USC § 301, thus triggering an automatic stay, pursuant to 11 USC § 362(a) of all

22  debt collection against Robinson.

23         42.    Notwithstanding the fact that notice of filing for protection under Chapter 13 was

24  given to Defendants timely, the Property was "auctioned" May 31, 2018, after notice was given

25  to Defendants and Defendants assured Robinson the house would not be sold May 31, 2018.

26         43.    The Defendants' conduct has caused Plaintiffs to experience worries and

27  concerns that are separate from the anxiety about the bankruptcy.  Plaintiffs' reactions and

28  emotions were not fleeting or inconsequential.  Plaintiffs suffered significant emotional harm as

1   a result of Defendants' conduct in willfully violating the automatic stay. The circumstances

2   surrounding the violation make it obvious that a reasonable person would suffer significant

3   emotional harm. Plaintiffs suffered actual damages in the forms of out-of-pocket expenses,

4   attorney's fees, and emotional distress.

5          44.    This case presents the Court with a classic example of the tangled web that the

6   mortgage industry has created that to their chagrin has left them without the lawful ability to

7   foreclose on a property by which they claim a home loan is secured by. In addition, the case

8   also presents this Court with a classic example lenders gamesmanship with regard to the

9   governmental mandate to engage in loan modification and their refusal to do so, all the while

10  leading the borrowers to be ambushed with a foreclosure.

11                            CAUSES OF ACTION

12              FIRST CAUSE OF ACTION – STAY VIOLATION

13                         (As to all Defendants)

14         45.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

15         46.    Defendants' conduct violated 11 USC §362(a).

16         WHEREFORE, Plaintiffs request an Order declaring the Defendants are guilty of civil

17  contempt by violating the automatic stay; and awarding Plaintiff compensatory damages,

18  punitive damages, and costs pursuant to 11 USC §362(k) and for contempt of Court, as well as

19  injunctive relief as set forth below in the prayer for relief.

20            SECOND CAUSE OF ACTION – INTENTIONAL INFLICTION OF

21                          EMOTIONAL DISTRESS

22                           (All Defendants)

23         47.    Plaintiffs incorporate all previous allegations as though fully set forth below.

24         48.    Defendants' conduct as described above was outrageous.

25         49.    Defendants intended to cause Plaintiffs emotional distress and/or Defendants

26  acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress,

27  knowing that Plaintiffs were present when the conduct occurred.

28         50.    Plaintiffs suffered severe emotional distress. Defendants' above-described

EXHIBIT A to Notice of Removal
Page 13

1   conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

2       51.     Plaintiffs are informed and believes that unlawful actions complained of herein,

3   as a result of which Plaintiffs sustained injuries and damages enumerated herein, were and are

4   violations of laws and fundamental public policies of the State of California and the Constitution

5   of the United States of America.  Thus, Plaintiffs' claims are not barred or preempted.

6   Defendants' conduct – fraudulently engaging in the foreclose process and foreclosing on the

7   Property in which they had no right, title, or interest – was so outrageous and extreme that it

8   exceeds all bounds which are usually tolerated in a civilized community.

9       52.     Such conduct was undertaken with the specific intent of inflicting emotional

10  distress on the Plaintiffs, such that Plaintiffs would be so emotionally distressed and debilitated

11  they would be unable to exercise legal rights in the Property; the right to title of the Property,

12  the right to cure the alleged default, right to verify the alleged debt Defendants are attempting to

13  collect, and right to clear title such that said title will regain marketability and value.

14      53.     At the time, when Defendants began their fraudulent foreclosure proceedings,

15  Defendants were not acting in good faith while attempting to collect on the subject debt.

16      54.     As an actual and proximate cause of Defendants' fraudulently foreclosing on the

17  Plaintiffs' home and in violation of automatic stay, Plaintiffs suffered severe emotional distress,

18  including but not limited to lack of sleep, anxiety, and depression.

19      55.     The conduct of Defendants, and each of them, as herein described, was so vile,

20  base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and

21  despised by ordinary people.  Plaintiffs are therefore entitled to punitive damages in an amount

22  appropriate to punish Defendants and to deter other from engaging in similar conduct.

23      WHEREFORE, Plaintiffs pray for relief as set forth below.

24              **THIRD CAUSE OF ACTION – QUIET TITLE**

25                  **(As to all Defendants)**

26      56.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

27      57.     As stated above, Defendants' and their counsel were aware of the bankruptcy

28  filing; in fact Defendants' agents were repeatedly warned by Robinson throughout the morning

EXHIBIT A to Notice of Removal
Page 14

1   and into the afternoon of May 31, 2018, that sale of the subject property would violate the

2   automatic stay and will not be warranted. Defendants agents repeatedly assured Robinson

3   there would be no sale on May 31, 2018, put the auction on hold for over an hour, and the

4   proceeded with the auction after yet another warning from Robinson.

5        58.    Plaintiffs are seeking to quiet title against the claims of defendants as follows:

6   the claims of defendants are without any right whatever and such defendants have no right ,

7   title, estate, lien, or interest whatever in the above-described property or any part thereof.

8        59.    Plaintiffs seek to quiet title as of the date this complaint is filed with the court.

9                     FORTH CAUSE OF ACTION -- FORECLOSURE

10                            (As to all Defendants)

11       60.    Plaintiffs incorporate paragraphs 1-14 herein.

12       61.    As set forth above and as additionally alleged here, Defendant Wells ceased

13  engaging in good faith modification discussions and then refused a good faith and sufficient

14  reinstatement payment.

15       62.    Plaintiffs, who maintained legal and equitable interests in property, thus seek to

16  foreclose on Defendants and to regain possession of the Property. Plaintiffs were granted and

17  continue to have a security interest in the Property, which permits foreclosure.

18       63.    Plaintiffs seek to foreclose and to quiet title as of the date this complaint is filed

19  with the court.

20                  FIFTH CAUSE OF ACTION – BREACH OF CONTRACT

21                         (As to Defendant Wells Fargo)

22       64.    Plaintiffs incorporate all previous allegations as though fully set forth below.

23       65.    As alleged above, there was a valid agreement between Plaintiffs and

24  Defendants. That agreement required good faith modification discussions and acceptance of a

25  good faith and sufficient reinstatement payment.

26       66.    Defendants breached that contract.

27       67.    Defendants, despite repeated demands, failed and refused to perform under the

28  contract.

*Smith, et al., v. Barrett, Daffin, et al.*                                          P001
VERIFIED COMPLAINT FOR DAMAGES                        - 10 -
AND INJUNCTIVE RELIEF

68.   Plaintiff were harmed and damaged, and Defendants' conduct was a substantial factor in causing Plaintiff's harm and damage.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SIXTH CAUSE OF ACTION – NEGLIGENCE

### (As to All Defendants)

69.   Plaintiffs incorporate all previous allegations as though fully set forth below.

70.   The relationship between Smith and Wells differed between than that relationship between a lender and borrower at the time the borrower first obtained a loan because Wells was not technically the initial lender and the parties had entered a series of agreements by which Wells committed to a good faith loan modification review.

71.   By 2017 and 2018, Smith and Wells were are no longer in an arm's length transaction and thus should not be treated as such. While a loan modification is traditional lending, the parties were in an established relationship. This relationship vastly differed from the one which exists when a borrower is seeking a loan from a lender because the borrower may seek a different lender if he does not like the terms of the loan.

72.   By failing to engage in a good faith loan modification review and then rejecting a good faith tender for reinstatement, Wells breached its duties to Smith and to Robinson because Wells had requested and considered Robinson's income and related information.

73.   By failing to forebear from the May 31, 2018, transaction – however one chooses to categorize the so-called auction after 1:30 p.m., on May 31, 2018, which resulted in Smith and Robinson being stripped of title – Defendants Wells, Barrett, Does 1-40, and each of them breached duties they owed to Plaintiffs.

74.   Plaintiff were harmed and damaged, and Defendants' conduct was a substantial factor in causing Plaintiff's harm and damage.

WHEREFORE, Plaintiffs pray for relief as set forth below.

/ /

## PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

1.  For a judgment that Plaintiffs are the owners in fee simple of the property and that Defendants have no interest in the property adverse to Plaintiffs, and Defendants no interest at all in the Property;

2.  For costs of suit and reasonable attorneys' fees, according to proof;

3.  For damages due in the form of higher property taxes and related expenses, estimated to be $250,000;

4.  For general damages not less than $1,500,000;

5.  For loss in the value of the Property caused by Defendants' waste and foreclosure conduct, estimated to be $350,000;

6.  For punitive damages as to Wells Fargo, no less than $1,000,000;

7.  Plaintiffs the right to re-possess property for non-performance and malfeasance by Defendants;

8.  For an order undoing the transactions of May 31, 2018, and all those which may have followed;

9.  For an order canceling the deeds of any kind recorded, including that June 6 or 7, 2018, Trustee's Deed Upon Sale;

10. For a temporary restraining order and preliminary injunction, mandating that the subject transactions by Defendants of May 31, 2018, be undone in their entirety together with any subsequent transactions flowing from the May 31, 2018, transaction(s);

11. For a temporary restraining order and preliminary injunction, prohibiting any further marketing, showing, and/or listing of the Property pending final determination of these issues; and,

12. For other such relief be granted to Plaintiffs as the Court deems just.

Date: August 29, 2018

By:    Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiffs
EQUAAN D. SMITH, ET AL.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial, as is their right.

Date: August 29, 2018

By:    Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiffs
EQUAAN D. SMITH, ET AL.

EXHIBIT A to Notice of Removal
Page 17

1

## VERIFICATION

2        I, Russell A. Robinson, am a plaintiff in this action and am counsel for Equaan D. Smith

3   herein; Equaan D. Smith is presently unavailable to verify this pleading.

4        I certify that I have reviewed the accompanying **VERIFIED COMPLAINT FOR**

5   **DAMAGES AND INJUNCTIVE RELIEF** and other relief and aver that the facts stated therein

6   are true and correct; as to facts stated as based on information and belief, I aver that these

7   facts are believed to be true.

8        I, Russell A. Robinson, hereby declare and aver under penalty of perjury and under the

9   laws of the State of California that the above is true and correct.

10

11   Date:   August 29, 2018

12                                                      By:      Russell A. Robinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF                              - 13 -                                        P001

EXHIBIT A to Notice of Removal
Page 18

EXHIBIT B



21193030

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP; WELLS
FARGO BANK, NA; and, DOES 1-40

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ÉQUAAN D. SMITH and RUSSELL A. ROBINSON

**FILED**
**ALAMEDA COUNTY**

AUG 3 0 2018

CLERK OF THE SUPERIOR COURT
By
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, State of California | CASE NUMBER:<br>*(Número del Caso):* RE18918954 |
|---|---|

County of Alameda
1225 Fallon Street, Oakland CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Russell A. Robinson, SBN 163937, 345 Grove Street, San Francisco, CA 94102, 415.861.4416/415.431.4526

| DATE:<br>*(Fecha)* AUG 3 0 2018 | Chad Finke | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Wells Fargo Bank, NA

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 6 2018

CLERK OF THE SUPERIOR COURT
Anita Dhir

1   Russell A. Robinson, SBN 163937
    Law Office of Russell A. Robinson
2   345 Grove Street, 1st Floor
    San Francisco, CA 94102
3   Phone:     415.861.4416
    Fax:       415.431.4526
4   rlaw345@gmail.com

5   Counsel for Plaintiffs
    ÉQUAAN D. SMITH and
6   RUSSELL A. ROBINSON

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11  ÉQUAAN D. SMITH and RUSSELL A.        Case No.     RG-18-918954
    ROBINSON,
12                                         **_EX PARTE_ (1) APPLICATION FOR**
              Plaintiffs,                   **TEMPORARY RESTRAINING ORDER TO**
13                                         **PREVENT AND (2) REQUEST FOR OSC RE:**
    v.                                     **PRELIMINARY INJUNCTION**
14                                         **[JURY TRIAL DEMANDED]**
    BARRETT, DAFFIN, FRAPPIER, TREDER      Date:        September 27, 2018
15  & WEISS, LLP; WELLS FARGO BANK,        Time:        9:00 a.m.
    NA; and, DOES 1-40,                    Dept:        16
16                                         Res:         R-2000394
              Defendants.
17  _____/      APN:   48E-7346-025

18  I.    APPLICATION

19        A.    Relief Sought.

20        Plaintiffs Équaan D. Smith and Russell A. Robinson hereby apply for a Temporary

21  Restraining Order, seeking to restrain Defendants Barrett, Daffin, Frappier, Treder & Weiss,

22  LLP (Barrett), Wells Fargo Bank, NA (Wells), and all other persons/entities acting on behalf of,

23  in concert with, at the behest of, or through, said defendants from selling, attempting to sell,

24  buying or attempting to buy, to market, or through other means transferring the real property

25  located at 6646 Saroni Drive in Oakland, California.  A legal description is as follows:

26        LOT 293, ACCORDING TO THE MAP OF MONTCLAIR HIGHLANDS FILED
          SEPTEMBER 11, 1925, IN THE OFFICE OF THE COUNTY RECORDER O F
27        ALAMEDA COUNTY AND RECORD IN MAP BOOK 4, PAGES 88 AND 89.
          APN: 048E-7346-025.

28

_Smith, et al., v. Barrett, Daffin, et al._                                    P024APPL
EX PARTE APPLICATION FOR
TRO AND OSC

1       Plaintiffs request that this Court grant the *ex parte* application and issue a TRO.

2  Additionally, Plaintiffs request that the Court issue an Order to Show Cause (OSC) as to why a

3  preliminary injunction should not issue, preventing further activity pending trial on the merits of

4  this case.  Settlement discussions, ongoing since early September 2018, have proven futile.

5     **B.**    **Subject Property and Parties.**

6       That home is located at 6646 Saroni Drive, in Oakland.  The Property's APN is 048E-

7  7346-025.

8       One of the named defendants, Barrett, Daffin, Frappier, Treder & Weiss, LLP (Barrett),

9  is apparently a limited liability partnership.  However, Barrett is not listed or registered with the

10  California Secretary of State, and has designated on all material received by Plaintiff an

11  address in Addison Texas. Barrett has also included a California address in Diamond Bar on

12  correspondence, but that address is not registered as its agent's address for service of process

13  because Barrett is unlisted.

14      Wells, apparently the loan servicer or successor in interest through a convoluted chain

15  of transactions – none of which is recorded in Alameda County and none of which have been

16  demonstrated to Plaintiffs – has its principal place of business in the City & County of San

17  Francisco, but designates 1 Home Campus, Des Moines IA 50328, as its address on all

18  correspondence.

19     **C.**    **Availability of Injunctive Relief.**

20       In seeking a temporary or preliminary injunction, a plaintiff must establish "irreparable

21  injury or interim harm that [she] will suffer if an injunction is not issued pending an adjudication

22  of the merits."  The court will consider the following:

23       California decisions establish that, as a general matter, the question whether a

24  preliminary injunction should be granted involves two interrelated factors:

25       (1)    the likelihood that the plaintiff will prevail on the merits; and,

26       (2)    the relative balance of harms that is likely to result from the granting or denial of
               interim injunctive relief.  *White v. Davis* (2003) 30 Cal.4th 528, 554.

27

28       As explained in *IT Corp. v. County of Imperial* [(1983) 35 Cal.3d 63, 69-70], "[t]his court

*Smith, et al., v. Barrett, Daffin, et al.*
EX PARTE APPLICATION FOR               - 2 -                            P024APPL
TRO AND OSC

**EXHIBIT B to Notice of Removal**
**Page 21**

1   has traditionally held that trial courts should evaluate two interrelated factors when deciding

2   whether or not to issue a preliminary injunction. The first is the likelihood that the plaintiff will

3   prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain

4   if the injunction were denied compared to the harm that the defendant is likely to suffer if the

5   preliminary injunction were issued."

6       "While the mere possibility of harm to the plaintiffs is insufficient to justify a preliminary

7   injunction, the plaintiffs are not required to wait until they have suffered actual harm before they

8   apply for an injunction, but may seek injunctive relief against the threatened infringement of

9   their rights." *Costa Mesa City Employees Assn. v. City of Costa Mesa* (2012) 209 Cal. App. 4th

10   298, 305. "The trial court's determination must be guided by a 'mix' of the potential-merit and

11   interim-harm factors; the greater the plaintiff's showing on one, the less must be shown on the

12   other to support [a restraining order]. . . . " *Church of Christ in Hollywood v. Superior Court*

13   (2002) 99 Cal. App. 4th 1244, 1251 [citations]. The standard and burdens are the same with

14   regard to temporary restraining orders as with preliminary injunctions. *Id.*

15       Real property is "unique." Weil & Brown, *California Practice Guide, Civil Procedure*

16   *Before Trial,* §9:523 [citations]. Courts view even the threat of foreclosure as an injury to the

17   plaintiff. *See, e.g, Rosenfeld v. Nationstar Mortg., LLC,* (CD Cal. 2014) 2014 WL 457920, at 6;

18   *Sullivan v. Wash. Mutual Bank,* (ND Cal. 2009) 2009 WL 3458300, at 4.

19       This lightens Plaintiffs' burden of showing a reasonable probability of success on the

20   merits. Weil & Brown, *California Practice Guide, Civil Procedure Before Trial,* §§ 9:530-9.531

21   [citations]. Hardship to Plaintiffs is presumed should they lose her family's home. And there is

22   a substantial likelihood that Plaintiffs will prevail on the merits.

23       California Code of Civil Procedure (CCP), §526 identifies the "[c]ases in which injunction

24   may or may not be granted." See also CCP §§ 525, et seq. "An injunction is a writ or order

25   requiring a person to refrain from a particular act. It may be granted by the court in which the

26   action is brought, or by a judge thereof; and when granted by a judge, it may be enforced as an

27   order of the court." The Civil Code provides for injunctive relief in many circumstances. *E.g.,*

28   Civil Code §2924.12(a)(1); and, §2924.19(a)(1) ["a borrower may bring an action for injunctive

*Smith, et al., v. Barrett, Daffin, et al.*
EX PARTE APPLICATION FOR
TRO AND OSC
-3-

P024APPL

**EXHIBIT B to Notice of Removal**
**Page 22**

1   relief to enjoin a material violation of Section 2923.5, 2924.17, or 2924.18"].

2       Defendants' violation of the automatic stay arising from the earlier bankruptcy case is a

3   key factor warranting relief, as is possession of the original note.  An assignment of the debt

4   carries with it the security.  Civil Code §2936.  Defendants have not produced evidence that

5   they have the original note.

6       **D.**     **Reason For *Ex Parte* Application (Shortened Time).**

7       Efforts to prevent irreparable harm failed.  Plaintiffs learned after 1:30 p.m., on May 31,

8   2018, their home had been transferred from Barrett back to Wells.  Wells, through Barrett, filed

9   an unlawful detainer case.  [Request for Judicial Notice (RFJN), exhibits 6 & 7]

10      Previously, after rejecting Plaintiffs' 2016 request for loan modification, Wells placed

11  Smith into default.  Smith is unclear as to the exact date she was placed into default, but does

12  know that Wells ultimately rejected her modification request, falsely stating on September 21,

13  2016, that "We are sending you a letter to inform you that we will no longer be considering your

14  application for mortgage assistance. . . . [because] we have not received all of the required

15  documents; therefore, we can no longer move forward with your application."  Plaintiffs provided

16  everything to Wells during the modification process.  Some items were sent several times

17  because Wells denied receiving the materials.  In addition, the reason Wells gave for rejecting

18  the modification request just days before September 21, 2016, was that Smith would be "unable

19  to afford" the modified monthly loan payment -- but Wells never informed Plaintiffs what that

20  amount would be, how that amount was determined, etc., despite several requests to specify

21  that monthly amount and the basis(es) of the amount's determination.  Nonetheless, the parties

22  eventually resolved the issues arising from that failed modification and entered an agreement in

23  the latter half of 2017 by which Wells promised to conduct a good faith loan modification; Wells

24  failed to perform under that agreement. [Exhibit 2, verified complaint, ¶16]

25      Wells contended that the estimated payoff owing under the Note as of January 31,

26  2018, was $1,073,828.64. [Exhibit 2, verified complaint, ¶17]  Wells also claimed that as of

27  January 31, 2018, the reinstatement amount was $515,263.03.  Upon receiving this

28  reinstatement quote only upon demand by Plaintiffs, Plaintiffs requested Wells provide an

*Smith, et al., v. Barrett, Daffin, et al.*                                                    P024APPL
EX PARTE APPLICATION FOR
TRO AND OSC                                    - 4 -

1   accounting with detailed breakdown of reinstatement amount so Plaintiffs could tender to Wells

2   before February 27, 2018. There was another settlement. [Exhibit 2, verified complaint, ¶17]

3        The sale date was apparently pushed out to April and then to May 31, 2018. Wells

4   and/or Barrett never posted notice of the trustee sale on the Property. [Exhibit 2, verified

5   complaint, ¶¶ 18 & 19]

6        Wells and/or Barrett have not executed several of the documents pertaining to the

7   Trustee sale. With regard to a trustee sale, Barrett recorded a notice of default. This was

8   before any substitution or assignment from World to Barrett. [Exhibit 2, ¶¶ 20 & 21]

9        After subsequent and pre-textual and bizarre contradictory rejection of Plaintiffs' request

10  for home loan modification (Wells requested and claimed to have considered Robinson's

11  financial information with that of Smith in several modification submissions), Barrett caused a

12  notice of default and notice of trustee sale to be recorded. [Exhibit 2, verified complaint, ¶24]

13       Defendants claim title to the Property as described above despite (or pursuant to)

14  defective foreclosure notice and trustee sale. [Exhibit 2, verified complaint, ¶25]

15       Plaintiffs demanded Defendants cease their conduct and that Defendants not carry

16  through with the sale, but Defendants refuse to cease all unlawful activity. On May 29, 2018,

17  Plaintiff Smith attempted to tender the claimed amount in arrears to Wells. That good faith

18  effort went nowhere. [Exhibit 2, verified complaint, ¶¶ 26 & 27]

19       The morning of May 31, 2018, Robinson recorded his February 28, 2018, interest in the

20  Property. He also that morning filed a Chapter 13 bankruptcy petition to enjoin sale of the

21  Property (case number 18-41273). [Exhibit 2, verified complaint, ¶28]

22       Before noon on May 31, 2018, Robinson contacted both Wells and Barrett. He gave

23  them the bankruptcy case number. Before 12:30 p.m., on May 31, 2018, Robinson met with

24  the auctioneer at the location behind 1225 Fallon Street in Oakland where foreclosed real

25  properties are sold (usually on Thursdays) at auction. [Exhibit 2, verified complaint, ¶29]

26       The sale did not proceed on time May 31, 2018 (12:30 p.m.). Both Wells and Barrett

27  assured Robinson (11:53 a.m. and 1:30 p.m., as to Wells; and, 11:48 a.m., 12:31 p.m., and

28  1:29 p.m., as to Barrett) the house would not be sold or auctioned May 31, 2018. Auctioneer

1    remained "standing by for instructions" and the auction had not yet been canceled (one reason

2    Robinson called Wells and Barrett seeking assurances).  All relevant documents were delivered

3    to the auctioneer before 12:30 a.m., who had "scanned" and sent photographs of the petition,

4    the recorded interest, and other materials establishing both (a) Robinson's ownership interest in

5    the Property, and (b) the automatic stay.  [Exhibit 2, verified complaint, ¶30]

6         After 1:32 p.m., on May 31, 2018, the auctioneer announced the Property would be sold

7    that day.  He made announcements and disclaimers.  Robinson then announced the sale was

8    prohibited by law by virtue of the automatic stay and anyone purchasing the property on May

9    31, 2018, would be violating and in contempt of that stay.  [Exhibit 2, verified complaint, ¶31]

10        None of the persons present on May 31, 2018, actually bid on the Property.  According

11   to the auctioneer, Wells bought the property back from Barrett, constituting the "sale," for

12   $1,051,315.22.  [Exhibit 2, verified complaint, ¶¶ 32 & 33]

13        Shortly after June 6, 2018, Plaintiffs learned that PAS was handling negotiations for a

14   buy-out; PAS offered "cash for keys" if Plaintiffs moved.  On July 31, 2018, through a July 20,

15   2018, mailing from the Superior Court of Alameda County — which concerned the masking of

16   eviction proceedings, Plaintiffs learned an unlawful detainer case had been filed against them.

17   Defendants never posted or otherwise served a notice to quit.  That case number is RG-18-

18   913450.  [Exhibit 2, verified complaint, ¶¶ 34 & 35]

19        On August 25, 2018, Plaintiffs learned Wells was actively marketing their home, as of

20   August 24, 2018.  The asking price was below $1,000,000.  [Exhibit 2, verified complaint, ¶36]

21        Also on August 28, 2018, Plaintiffs obtained a copy of the unlawful detainer complaint

22   filed July 19, 2018.  Attached to that complaint is a June 26, 2018, Three Day Notice To Quit

23   which indicates the non-judicial foreclosure "sale" (of May 31, 2018) resulted in the Trustee's

24   Deed Upon Sale being recorded.  [Exhibit 2, verified complaint, ¶38; also, RFJN, exhibits 6 & 7]

25        The entire unlawful detainer case is based on false documents, fake efforts at service,

26   and/or misleading statements.  [Exhibit 2, verified complaint, ¶39]

27        Notwithstanding the fact that notice of filing for protection under Chapter 13 was given to

28   Defendants timely, the Property was "auctioned" May 31, 2018, after notice was given to

_Smith, et al., v. Barrett, Daffin, et al._                                                              P024APPL
EX PARTE APPLICATION FOR
TRO AND OSC                                          - 6 -

1   Defendants and Defendants assured Robinson the house would not be sold May 31, 2018.

2   [Exhibit 2, verified complaint, ¶42]

3          The Defendants' conduct has caused Plaintiffs to experience worries and concerns that

4   are separate from the anxiety about the bankruptcy.  Plaintiffs' reactions and emotions were not

5   fleeting or inconsequential.  Plaintiffs suffered significant emotional harm as a result of

6   Defendants' conduct in willfully violating the automatic stay.  The circumstances surrounding

7   the violation make it obvious that a reasonable person would suffer significant emotional harm.

8   Plaintiffs suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and

9   emotional distress.  [Exhibit 2, verified complaint, ¶43]

10          As of September 26, 2018, Wells and its agents continue to market the property Wells

11   obtained unlawfully.  As of September 26, 2018, Barrett continues with its unlawful detainer

12   action seeking to evict Plaintiffs; Plaintiffs' response to the complaint is due October 2, 2018.

13          **E.      Notice Of This Appearance.**

14          Before 9:00 a.m., on September 24, 2018, after efforts at resolution had reached an

15   impasse, Robinson telephoned both named defendants, Barrett, Daffin, Frappier, Treder &

16   Weiss, LLP, and Wells Fargo Bank, NA.  The numbers called respectively were (626) 915-5714

17   and 877-371-9960.  He left messages about this ex parte appearance.  He called again on

18   September 24, 2018, at approximately 3:30 p.m., and left the same messages at both numbers.

19   [Decl. Of Robinson, ¶2]

20          The messages and the letter faxed to both defendants imparted the same information:

21          On Thursday, September 27, 2018, at 9:00AM, in Department 16 of the Superior Court
            for the County of Alameda, at 1221 Oak Street, Oakland CA 94612, on behalf of Plaintiff
22          Equaan D. Smith and myself, I will appear *ex parte* to seek a temporary restraining
            order preventing and enjoining continuing efforts to sell and to market the real property
23          located at 6646 Saroni Drive, in Oakland California 94611.

24          At the *ex parte* appearance, I will also be seeking an Order to Show Cause as to why a
            preliminary injunction should not issue preventing further efforts to market and to sell
25          this real property until trial on the merits. [Exhibit 1; also, Decl. Of Robinson, ¶2]

26          Robinson never heard back from either defendant, but was able to confirm with another

27   call he placed the afternoon of September 25, 2018, that Barrett received the notice of

28   appearance. [Decl. Of Robinson, ¶3]

---

*Smith, et al., v. Barrett, Daffin, et al.*                                P024APPL
EX PARTE APPLICATION FOR
TRO AND OSC                              - 7 -

II.    **ADDITIONAL, SALIENT FACTS**

A.    **The Real Property Is Plaintiff's Family Home, Owned Since 2004.**

The Property has been owned by Plaintiff ÉQUAAN D. SMITH since June 2004.  By virtue of his marriage to SMITH, Robinson has an established community property interest in the Property as well as a February 28, 2018, recorded interest in the Property. Plaintiff ÉQUAAN D. SMITH purchased the Property in 2004, obtaining title through a deed recorded on about June 7, 2004.  [Exhibit 2, verified complaint, ¶1]

B.    **Violation Of The Stay Provisions; Assurances There Would Be No Sale.**

Defendants' and their counsel were aware of the bankruptcy filing; in fact Defendants' agents were repeatedly warned by Robinson throughout the morning and into the afternoon of May 31, 2018, that sale of the subject property would violate the automatic stay and will not be warranted.  Defendants' agents repeatedly assured Robinson there would be no sale on May 31, 2018, put the auction on hold for over an hour, and then proceeded with the auction after yet another warning from Robinson.  [Exhibit 2, verified complaint, ¶57]

C.    **Wells Fargo Remains Owner; There Is No "Bona Fide" Purchaser.**

None of the persons present on May 31, 2018, actually bid on the Property.  According to the auctioneer, Wells bought the property back from Barrett, constituting the "sale," for $1,051,315.22.  [Exhibit 2, verified complaint, ¶¶ 32 & 33]

Shortly after June 6, 2018, Plaintiffs learned that PAS was handling negotiations for a buy-out; PAS offered "cash for keys" if Plaintiffs moved.  On July 31, 2018, through a July 20, 2018, mailing from the Superior Court of Alameda County – which concerned the masking of eviction proceedings, Plaintiffs learned an unlawful detainer case had been filed against them. Defendants never posted or otherwise served a notice to quit.  That case number is RG-18-913450.  [Exhibit 2, verified complaint, ¶¶ 34 & 35]

On August 25, 2018, Plaintiffs learned Wells was actively marketing their home, as of August 24, 2018.  The asking price was below $1,000,000.  [Exhibit 2, verified complaint, ¶36]

Also on August 28, 2018, Plaintiffs obtained a copy of the unlawful detainer complaint filed July 19, 2018.  Attached to that complaint is a June 26, 2018, Three Day Notice To Quit

1   which indicates the non-judicial foreclosure "sale" (of May 31, 2018) resulted in the Trustee's

2   Deed Upon Sale being recorded.  [Exhibit 2, verified complaint, ¶38; also, RFJN; exhibits 6 & 7]

3           The entire unlawful detainer case is based on false documents, fake efforts at service,

4   and/or misleading statements.  [Exhibit 2, verified complaint, ¶39]

5   **III.   AUTHORITIES**

6           California Code of Civil Procedure (CCP) section 526 states in relevant part as follows:

7       (a)   An injunction may be granted in the following cases:

8           (1)   When it appears by the complaint that the plaintiff is entitled to the relief
              demanded, and the relief, or any part thereof, consists in restraining the
9             commission or continuance of the act complained of, either for a limited
              period or perpetually.

10

11          (2)   When it appears by the complaint or affidavits that the commission or
              continuance of some act during the litigation would produce waste, or
12            great or irreparable injury, to a party to the action.

13          (3)   When it appears, during the litigation, that a party to the action is doing,
              or threatens, or is about to do, or is procuring or suffering to be done,
              some act in violation of the rights of another party to the action respecting
14            the subject of the action, and tending to render the judgment ineffectual.

15          (4)   When pecuniary compensation would not afford adequate relief.

16          (5)   Where it would be extremely difficult to ascertain the amount of
              compensation which would afford adequate relief.
17

18          (6)   Where the restraint is necessary to prevent a multiplicity of judicial
              proceedings.

19          (7)   Where the obligation arises from a trust.

20      (b)   An injunction cannot be granted in the following cases:

21          (1)   To stay a judicial proceeding pending . . ., unless . . . necessary to
              prevent a multiplicity of proceedings [unlawful foreclosure cannot be
22            litigated in an unlawful detainer case].

23          (2)   To stay proceedings in a court of the United States.

24          (3)   To stay proceedings in another state upon a judgment of a court of that
              state.
25

26          (4)   To prevent the execution of a public statute by officers of the law for the
              public benefit.

27          (5)   To prevent the breach of a contract the performance of which would not
              be specifically enforced, . . .

28

*Smith, et al., v. Barrett, Daffin, et al.*
EX PARTE APPLICATION FOR                              - 9 -                              P024APPL
TRO AND OSC

(6)     To prevent the exercise of a public or private office, in a lawful manner, by the person in possession.

(7)     To prevent a legislative act by a municipal corporation.

None of the exceptions apply.  As one court determined in an analogous case,

> Foreclosure pending suit would render moot any claim of right of plaintiffs individually or derivatively to have the validity or invalidity of the trust deed determined. They are asserting a right to have the deed declared void as a cloud on title, set aside as a fraudulent conveyance, and to have a constructive trust in the land and assets of the corporation declared. They would have no rights as against a bona fide purchaser for value at the execution sale. The preliminary injunction would preserve their rights in *statu quo* until trial on the merits. . . .

> *Do plaintiffs have any plain, speedy or adequate remedy at law?* No.  Their secondary prayer is for monetary relief. There are various possibilities which might happen in the court action. *Weingand v. Atlantic Sav. & Loan Assn.* (1970) 1 Cal.3d 806, 819.

When a former borrower defends an unlawful detainer by asserting that the plaintiff failed to comply with the duly perfected title/authority to foreclose aspect of CCP 1161a(b), most courts do not require tender.  *See, e.g., Wells Fargo Bank, N.A. v. Deielder-Collins,* (Cal. App. Super. Ct. Mar. 28, 2012) (excusing tender when the sale was found void due to an invalid trustee substitution).

Upon the filing of a voluntary bankruptcy petition, an automatic statutory injunction is activated to prevent any entity from commencing or continuing actions against the debtor or property of the debtor's bankruptcy estate for the purpose of collecting on a debt that arose prior to the bankruptcy petition date.  Bankruptcy Code section 362(a) stays, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . or to recover a claim against the debtor that arose before the commencement of the case." The "automatic stay" also precludes enforcement of a pre-bankruptcy judgment against the debtor or its property, "any act to obtain possession" of estate property, to exercise control over estate property and a wide variety of creditor enforcement actions, including perfecting a lien on the debtor's property."

/ / /

1    State courts have jurisdiction to determine the applicability of the automatic stay.[1]  *In re*

2  *Jeffries*, 191 B.R. 861, 863 (Bkrtcy. D. Or. 1995).  "[T]he applicability of the automatic stay falls

3  concurrently within the purview of the bankruptcy court and that of the state court.  *In re Glass*,

4  240 B.R. 782, 786 (Bankr. M.D. Fla. 1999); *Erti v. Paine Webber Jackson & Curtis, Inc.* 765

5  F.2d 343, 347 (2d Cir. 1985); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th

6  Cir. 1986).  A "proceeding to determine the applicability of the automatic stay arises under Title

7  11, or arises in or is related to a case under Title 11" means that jurisdiction is granted through

8  section 1334(b), which grants bankruptcy courts "original but not exclusive jurisdiction."  *Glass,*

9  *supra; see also* 28 U.S.C. § 1334(b).

10  **IV.    CONCLUSION**

11      The Court should grant the requested relief.  Defendants' wrongful conduct is clear; this

12  Court has jurisdiction to issue an appropriate order.

13

14  Date:   September 26, 2018

15                                                      By:    Russell A. Robinson
                                                        Law Office of Russell A. Robinson
16                                                      Counsel for Plaintiffs
                                                        **EQUAAN D. SMITH, ET AL.**

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]      After Defendants here violated the stay, the bankruptcy case was dismissed several months later and this action followed.

*Smith, et al., v. Barrett, Daffin, et al.*
EX PARTE APPLICATION FOR                         - 11 -                              P024APPL
TRO AND OSC

1                               **VERIFICATION**

2      I, Russell A. Robinson, am a plaintiff in this action and am counsel for Équaan D. Smith

3 herein; Équaan D. Smith is presently unavailable to verify this pleading.

4      I certify that I have reviewed the accompanying ***EX PARTE* (1) APPLICATION FOR**

5 **TEMPORARY RESTRAINING ORDER TO PREVENT AND (2) REQUEST FOR OSC RE:**

6 **PRELIMINARY INJUNCTION** and other relief and aver that the facts stated therein are true

7 and correct; as to facts stated as based on information and belief, I aver that these facts are

8 believed to be true.

9      I, Russell A. Robinson, hereby declare and aver under penalty of perjury and under the

10 laws of the State of California that the above is true and correct.

11

12 Date:   September 26, 2018

                                         By:    Russell A. Robinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Smith, et al., v. Barrett, Daffin, et al.*
EX PARTE APPLICATION FOR
TRO AND OSC                                   - 12 -                                P024APPL

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 6 2018

CLERK OF THE SUPERIOR COURT

Anita Dhir

1  Russell A. Robinson, SBN 163937
   Law Office of Russell A. Robinson
2  345 Grove Street, 1st Floor
   San Francisco, CA 94102
3  Phone:     415.861.4416
   Fax:        415.431.4526
4  rlaw345@gmail.com

5  Counsel for Plaintiffs
   **EQUAAN D. SMITH and**
6  **RUSSELL A. ROBINSON**

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         COUNTY OF ALAMEDA – UNLIMITED CIVIL JURISDICTION

10

11  EQUAAN D. SMITH, et al.,               )  No.    RG-18-918954
                                           )
12         Plaintiff,                       )  **DECLARATION IN SUPPORT OF** *EX*
                                           )  *PARTE* **APPLICATION**
13  v.                                      )  **[JURY TRIAL DEMANDED]**
                                           )
14  BARRETT, DAFFIN, FRAPPIER, TREDER &     )  Date:      September 27, 2018
    WEISS, LLP; et al.,                     )  Time:      9:00 a.m.
15                                          )  Dept:      16
           Defendants.                      )  Res:       R-2000394
16

17     I, Russell A. Robinson, hereby declare as follow:

18     1.  I am an attorney licensed to practice before all courts of this State, and am a named

19  plaintiff herein. The below true and correct facts are of my own personal knowledge, except

20  facts stated as based on information and belief; as to facts so stated, I believe these to be true.

21     2.  Before 9:00 a.m., on September 24, 2018, after efforts at resolution had reached an

22  impasse, I telephoned both named defendants, Barrett, Daffin, Frappier, Treder & Weiss, LLP,

23  and Wells Fargo Bank, NA. The numbers called respectively were (626) 915-5714 and 877-

24  371-9960. I left messages about this ex parte appearance. I called again on September 24,

25  2018, at approximately 3:30 p.m., and left the same messages at both numbers. The

26  messages and the letter faxed to both defendants imparted the same information:

27     On Thursday, September 27, 2018, at 9:00AM, in Department 16 of the Superior Court
       for the County of Alameda, at 1221 Oak Street, Oakland CA 94612, on behalf of Plaintiff
28     Equaan D. Smith and myself, I will appear *ex parte* to seek a temporary restraining
       order preventing and enjoining continuing efforts to sell and to market the real property
       located at 6646 Saroni Drive, in Oakland California 94611.

DECLARATION IN SUPPORT OF *EX PARTE* APPLICATION                                    P020DECRAR
*Smith, et al., v. Barrett, Daffin, et al.*              1

1

2  At the *ex parte* appearance, I will also be seeking an Order to Show Cause as to why a
preliminary injunction should not issue preventing further efforts to market and to sell
this real property until trial on the merits. [Exhibit 1]

3

4  3.   I never heard back from either defendant, but was able to confirm with another call I
placed the afternoon of September 25, 2018, that Barrett received the notice of appearance.

5

6  4.   I am informed and believe that the defendants in need of restraint are Barrett, Daffin,

7  Frappier, Treder & Weiss, LLP (Barrett), and Wells Fargo Bank, NA, as well as the defendants'

8  agents and affiliated companies/entities.

9  5.   Attached hereto are the following exhibits, true and correct copies of what each appears

10  to be, taken from the files maintained by my office in the regular course of business:

11      (1)     September 24, 2018, letter to Barrett and Wells, with facsimile confirmations;

12      (2)     Verified Complaint in this action, filed August 30, 2018; and,

13      (3)     The September 4, 2018, offer (redacted of confidential terms) I emailed to the

14              realtor retained, on information and belief, by Barrett/Wells to market the house,

15              with the June 6, 2018, letter designating that same realtor as Wells' agent.

16  I, Russell A. Robinson, hereby declare under penalty of perjury and under the laws of the

17  State of California that the above is true and correct.

18

19  Date: September 26, 2018

20                          By:     Russell A. Robinson
                            Law Office of Russell A. Robinson

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF *EX PARTE* APPLICATION                                    P020DECRAR
*Smith, et al., v. Barrett, Daffin, et al.*                    2

# EXHIBIT 1

LAW OFFICE OF
### RUSSELL A. ROBINSON
345 GROVE STREET, FIRST FLOOR
SAN FRANCISCO, CA 94102
rlaw345@gmail.com
September 24, 2018

TEL: 415.861.4416                                                          FAX: 415.431.4526

## NOTICE OF *EX PARTE* APPEARANCE

Barrett Daffin Frappier Treder & Weiss
20955 Pathfinder Rd Ste 300
Diamond Bar, CA 91765
TEL:    (626) 915-5714
FAX:    (626) 915-0289

Wells Fargo Bank, NA
TEL:    877-371-9960
FAX:    866-278-1179

RE:   6646 Saroni Drive, Oakland CA 94611
APN: 048E-7346-025
*Smith, et al., v. Barrett Daffin Frappier, et al. (RG-18-918954)*

Dear Gentlepeople:

I called today several times, and a live person was not available.

This afternoon, I called the number on the State Bar's website for Mr. Treder, (626) 915-5714 (Messrs. Barrett, Daffin, and Frappier are not admitted in California), as well the number for Wells Fargo designated on numerous communications, 877-371-9960.  I left the following message for each of you in my second round of calls at 330PM:

On Thursday, September 27, 2018, at 9:00AM, in Department 16 of the Superior Court for the County of Alameda, at 1221 Oak Street, Oakland CA 94612, on behalf of Plaintiff Equaan D. Smith and myself, I will appear *ex parte* to seek a temporary restraining order preventing and enjoining continuing efforts to sell and to market the real property located at 6646 Saroni Drive, in Oakland California 94611.

At the *ex parte* appearance, I will also be seeking an Order to Show Cause as to why a preliminary injunction should not issue preventing further efforts to market and to sell this real property until trial on the merits.

Please contact me at the above number with any questions/concerns.  The papers will follow on Wednesday, September 26, 2018.

Thank you for your attention to the above.

Very truly yours,

Russell A. Robinson
RAR/hs

C006BDFTW

9/26/2018                                         Gmail - Successful Transmission to 16269150289. Re: UNKNOWN

 Gmail                                                    Russell Robinson <rlaw345@gmail.com>

## Successful transmission to 16269150289. Re: UNKNOWN

send@mail.efax.com <send@mail.efax.com>                                    Mon, Sep 24, 2018 at 3:40 PM
To: rlaw345@gmail.com



Hello r,

Your fax was successfully sent to 16269150289 by eFax.

**Fax Details**

**Date:** 2018-09-24 22:40:54 (GMT)
**Number of Pages:** 1
**Length of Transmission:** 66 seconds

If you have any questions, please visit our online help center or contact Customer
Support.

Thank you for choosing eFax.

Sincerely,
The eFax Team

**Special Offer:** Too busy to handle all your business calls? Let eVoice answer, manage
and route your phone calls, 24/7. Try it free for one month!

Download the App:        Follow us:     

  eFax  eVoice  FuseMail  campaigner  KeepItSafe  onebox

© 2018 j2 Global, Inc. and affiliates. All rights reserved.
eFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the eFax Customer Agreement.

9/26/2018                                   Gmail - Successful transmission to 18662781179. Re: UNKNOWN

 Gmail

Russell Robinson <rlaw345@gmail.com>

## Successful transmission to 18662781179. Re: UNKNOWN

send@mail.efax.com <send@mail.efax.com>                     Mon, Sep 24, 2018 at 3:41 PM
To: rlaw345@gmail.com



Hello r,

Your fax was successfully sent to 18662781179 by eFax.

**Fax Details**

**Date:** 2018-09-24 22:41:57 (GMT)
**Number of Pages:** 1
**Length of Transmission:** 61 seconds

If you have any questions, please visit our online help center or contact Customer
Support.

Thank you for choosing eFax.

Sincerely,
The eFax Team

**Special Offer:** Too busy to handle all your business calls? Let eVoice answer, manage
and route your phone calls, 24/7. Try it free for one month!

Download the App:      Follow us:      

     

© 2018 j2 Global, Inc. and affiliates. All rights reserved.
eFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the eFax Customer Agreement.

# EXHIBIT 2

1. Russell A. Robinson, SBN 163937
   Law Office of Russell A. Robinson
2. 345 Grove Street, 1st Floor
   San Francisco, CA 94102
3. Phone:    415.861.4416
   Fax:      415.431.4526
4. rlaw345@gmail.com

5. Counsel for Plaintiffs
   **ÉQUAAN D. SMITH and**
6. **RUSSELL A. ROBINSON**

7.

8.

9.

10.

**ENDORSED
FILED
ALAMEDA COUNTY**

AUG 3 0 2018

CLERK OF THE SUPERIOR COURT
By _____
CURTIYAH GAMES
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

11. ÉQUAAN D. SMITH and RUSSELL A.        Case No.
    ROBINSON,
12.                                        **VERIFIED COMPLAINT FOR DAMAGES AND
          Plaintiffs,                      INJUNCTIVE RELIEF**
13.                                        [Real Property]
    v.
14.                                        [Jury Trial Demanded]
    BARRETT, DAFFIN, FRAPPIER, TREDER
15. & WEISS, LLP; WELLS FARGO BANK,
    NA; and, DOES 1-40,
16.
          Defendants.
17. _____/     APN:   48E-7346-025

18.        COMES NOW PLAINTIFFS STATE AS FOLLOWS:

19.                           **JURISDICTION AND VENUE**

20.        1.       This case involves a piece of real property located at 6646 Saroni Drive, in

21. Oakland (the Property).  The Property has been owned by Plaintiff ÉQUAAN D. SMITH since

22. June 2004.  By virtue of his marriage to SMITH, Robinson has an established community

23. property interest in the Property as well as a February 28, 2018, recorded interest in the

24. Property. Plaintiff ÉQUAAN D. SMITH purchased the Property in 2004, obtaining title through a

25. deed recorded on about June 7, 2004.

26.        2.       Plaintiffs' claims arose in and around the City of Oakland, County of Alameda.

27. Thus, venue is proper herein at the time this action is commenced.

28. ///

*Smith, et al., v. Barrett, Daffin, et al.*                                        P001
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

**EXHIBIT B to Notice of Removal
Page 39**

## PARTIES

3.   Plaintiff ÉQUAAN D. SMITH is an adult, African-American woman residing in the County of Alameda.  Plaintiff RUSSELL A. ROBINSON is a male, legally married to Smith on April 10, 2004, and residing with Smith at the Property.

4.   Plaintiff is informed and believes that Defendant BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP (Barrett), claims to be Trustee in connection with a Notice of Trustee Sale pertaining to the Property.  Barrett ostensibly claims that in 2016 it received assignment of the deed of trust dated May 19, 2004.  On information and belief, WELLS FARGO BANK, NA (Wells) claims to be successor in interest to WACHOVIA MORTGAGE FSB (Wachovia), which itself may have been formerly known as, or is successor in interest to, WORLD SAVINGS BANK, FSB (World).  World was Smith's lender in 2004.

5.   On information and belief, Wells is or was at relevant times a bank, organized under laws as those laws pertain to the creation and maintenance of such financial institutions, incorporated in the State of California, registered with the California Secretary of State.  On information and belief, Barrett is not registered with the California Secretary of State, and thus is not authorized to conduct business or to maintain actions in the California.  Barrett's failure to be admitted violates California law.  In order to form in California, an LLP must first register with the California Secretary of State.  An LLP formed in another state must register with the California Secretary of State prior to conducting business in the state.  Barrett has done neither.

6.   On information and belief, Premiere Asset Services (PAS) is a department of Wells through another Wells' division, Wells Fargo Home Mortgage.  PAS apparently sells foreclosed real properties on behalf of Wells and other institutions as an REO (Real Estate owned property) out-sourcer and evaluation service provider operating a nationwide basis.  Plaintiffs are not able to determine whether PAS is an independent company; in California, there is no such company registered with the Secretary of State which remains in good standing.  Thus, Plaintiffs sue Wells here intending that all of its various divisions, DBA's, and shell companies be bound by this action.

/ / /

7.      Plaintiffs are ignorant of the identities of Defendants DOES 1 though 40, and therefore sue such defendants as fictitiously named persons/entities, whose true identities and roles in the events which are the subject matter of this complaint are presently unknown. Plaintiffs will amend this complaint to identify fictitiously named Defendants and to set forth facts relating to each when same become known to Plaintiffs.  Plaintiffs are informed and believe and thereon allege that each DOE Defendant is legally responsible for events alleged herein which caused injury and damage to Plaintiffs.

8.      In doing acts or omissions alleged, Defendants and each of them were acting in the course and scope of their employment with their respective agencies.  In doing the acts or omissions alleged, Defendants claimed to have acted under authority of California law.

9.      In doing acts or omissions alleged, each Defendant acted as the agent, servant, employee, and/or in concert with each of the other Defendants herein.

SPECIFIC FACTS

10.     On or about May 19, 2004, Plaintiff Smith made, executed and delivered to World a Note for the sum of $629,000.00 (the "Note").  Pursuant to the Note, Plaintiff was obligated to make monthly payments for thirty (30) years, until 2034, when all outstanding amounts are due and payable.  At about the same time, Smith made, executed and delivered to World a Deed of Trust (the "Deed of Trust") granting World a security interest in the Property at 66646 Saroni Drive, in Oakland, which is more fully described in the Deed of Trust, and not to exceed a sum certain.  The Deed of Trust was recorded on about June 7, 2004.

11.     On information and belief, on about December 31, 2007, World Savings Bank, FSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB.

12.     On or about November 1, 2009, on information and belief, Wachovia Mortgage FSB converted to a national bank with the name Wells Fargo Bank Southwest, National Association; effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged with Wells Fargo Bank, National Association.  Title of the Property was not changed to reflect this change in ownership; thus, Wells was never the owner of the note secured by Plaintiff's property; World remains the owner of the note.

13.     Plaintiffs eventually were unable to meet obligations under the terms of the loan.

14.     Monthly payments were missed as the amount due continued to increase under the adjustable feature (ARM) of the subject note.  Smith was forced into bankruptcy in 2010.

15.     Smith did not understand this essential doubling of her monthly payments under the note.  This hidden penalty substantially prejudiced her ability to meet the escalating obligations due under the note.

16.     Eventually, after rejecting Plaintiffs' 2016 request for loan modification, Wells placed Smith into default.  Smith is unclear as to the exact date she was placed into default, but does know that Wells ultimately rejected her modification request, falsely stating on September 21, 2016, that "We are sending you a letter to inform you that we will no longer be considering your application for mortgage assistance. . . . [because] we have not received all of the required documents; therefore, we can no longer move forward with your application."  Plaintiffs provided everything to Wells during the modification process.  Some items were sent several times because Wells denied receiving the materials.  In addition, the reason Wells gave for rejecting the modification request just days before September 21, 2016, was that Smith would be "unable to afford" the modified monthly loan payment – but Wells never informed Plaintiffs what that amount would be, how that amount was determined, etc., despite several requests to specify that monthly amount and the basis(es) of the amount's determination.  Nonetheless, the parties eventually resolved the issues arising from that failed modification and entered an agreement in the latter half of 2017 by which Wells promised to conduct a good faith loan modification; Wells failed to perform under that agreement.

17.     On information and belief, Wells contends that the estimated payoff owing under the Note as of January 31, 2018, was $1,073,828.64.  Wells also claimed that as of January 31, 2018, the reinstatement amount was $515,263.03.  Upon receiving this reinstatement quote only upon demand by Plaintiffs, Plaintiffs requested Wells provide an accounting with detailed breakdown of the reinstatement amount so Plaintiffs could tender that amount to Wells before February 27, 2018.  There was another settlement.

18.     The sale date was apparently pushed out to April and then to May 31, 2018.

Smith, et al., v. Barrett, Daffin, et al.
VERIFIED COMPLAINT FOR DAMAGES                              - 4 -                                                 P001
AND INJUNCTIVE RELIEF

1    19.    Wells and/or Barrett never posted notice of the trustee sale on the Property.

2    20.    Wells and/or Barrett have not executed several of the documents pertaining to

3 the Trustee sale.

4    21.    With regard to a trustee sale, Barrett recorded a notice of default.  This was

5 before any substitution or assignment from World to Barrett.

6    22.    On information and belief, on about April 11, 2016, Defendant Barrett caused to

7 be recorded a substitution of trustee from Wells to Barrett, but the substitution did not involve

8 World or Wachovia.

9    23.    On information and belief, on about April 19, 2016, Defendant Barrett caused to

10 be recorded notice of default, without a substitution from World or Wachovia, to Wells, and

11 without recording a notice of default by the bona fide trustee.  On information and belief, on

12 about June 2, 2016, and again June 7, 2016, Barrett recorded cancellations of default notices.

13    24.    After the pre-textual and bizarre contradictory rejection of Plaintiffs' request for

14 home loan modification (Wells requested and claimed to have considered Robinson's financial

15 information in addition to that of Smith in the several modification submissions), on information

16 and belief Barrett caused a notice of default and notice of trustee sale to be recorded.

17    25.    Plaintiffs are informed that Defendants claim title to the Property as described

18 above despite (or pursuant to) defective foreclosure notice and trustee sale.

19    26.    Plaintiffs demanded Defendants cease their conduct and that Defendants not

20 carry through with the sale, but Defendants refuse to cease all unlawful activity.

21    27.    On May 29, 2018, Plaintiff Smith attempted to tender the claimed amount in

22 arrears to Wells.  That good faith effort went nowhere.

23    28.    The morning of May 31, 2018, Robinson recorded his February 28, 2018,

24 interest in the Property.  He also that morning filed a Chapter 13 bankruptcy petition to enjoin

25 sale of the Property (case number 18-41273).

26    29.    Before noon on May 31, 2018, Robinson contacted both Wells and Barrett.  He

27 gave them the bankruptcy case number.  Before 12:30 p.m., on May 31, 2018, Robinson met

28 with the designated auctioneer at the location behind 1225 Fallon Street in Oakland where

**EXHIBIT B to Notice of Removal
Page 43**

1  foreclosed real properties are sold (usually on Thursdays) at auction.

2        30.     The sale did not proceed as scheduled time on May 31, 2018 (12:30 p.m.).  Both

3  Wells and Barrett assured Robinson (11:53 a.m. and 1:30 p.m., as to Wells; and, 11:48 a.m.,

4  12:31 p.m., and 1:29 p.m., as to Barrett) that the house would not be sold or auctioned on May

5  31, 2018.  Yet, the auctioneer remained "standing by for instructions" and the auction had not

6  yet been canceled (one reason Robinson called Wells and Barrett seeking assurances).  All of

7  the relevant documents were delivered to the auctioneer before 12:30 a.m., who had "scanned"

8  and sent photographs of the petition, the recorded interest, and other materials establishing

9  both (a) Robinson's ownership interest in the Property, and (b) the automatic stay.

10        31.    Suddenly, after 1:32 p.m., on May 31, 2018, the auctioneer announced that the

11  Property would be sold that day..  He made his announcements and disclaimers.  Robinson then

12  announced that the sale was prohibited by law by virtue of the automatic stay and that anyone

13  purchasing the property on May 31, 2018, would be violating and in contempt of that stay.

14        32.     None of the persons present on May 31, 2018, actually bid on the Property.

15        33.     According to the auctioneer, Wells bought the property back from Barrett,

16  constituting the "sale," for $1,051,315.22.

17        34.     Shortly after June 6, 2018, Plaintiffs learned that PAS was handling negotiations

18  for a buy-out; PAS offered "cash for keys" if Plaintiffs moved.

19        35.     On July 31, 2018, through a July 20, 2018, mailing from the Superior Court of

20  Alameda County – which concerned the masking of eviction proceedings, Plaintiffs learned an

21  unlawful detainer case had been filed against them.  Defendants never posted or otherwise

22  served a notice to quit.  That case number is RG-18-913450.

23        36.     On August 25, 2018, Plaintiffs learned Wells was now actively marketing their

24  home, as of August 24, 2018.  The asking price was below $1,000,000.

25        37.     On August 28, 2018, Plaintiffs learned Barrett, on behalf of Wells, had attempted

26  to obtain an order permitting service of the unlawful detainer case by "posting" in lieu of actual,

27  personal service.  No process server ever visited the property.  Smith is home all day typically

28  on Fridays (she usually works Monday through Thursday in San Jose).  Robinson often works

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF          - 6 -        P001

1  from home because, in part, of pick-up times of the couple's 11-year-old son starting at 12:30

2  p.m., the week of August 13, 2018, and set for 3:30 p.m., the week of August 20, 2018. No

3  process server ever visited the Property; no business card was left; no neighbors reported

4  contacts; no such efforts were ever made.

5        38.    Also on August 28, 2018, Plaintiffs obtained a copy of the unlawful detainer

6  complaint filed July 19, 2018. Attached to that complaint is a June 26, 2018, Three Day Notice

7  To Quit which indicates the non-judicial foreclosure "sale" (of May 31, 2018) resulted in the

8  Trustee's Deed Upon Sale being recorded on June 7, 2018 (attached to the same unlawful

9  detainer complaint is a copy of the recorded Trustee's Deed Upon Sale, showing a June 6,

10  2018, date of recording).

11        39.    Thus, the entire unlawful detainer case is based on false documents, fake efforts

12  at service, and/or misleading statements.

13        40.    At all times relevant to this complaint, Plaintiffs were the owner of the Property

14  located within Alameda County, State of California commonly known as 6646 Saroni Drive, in

15  Oakland California. The legal description of the property is as follows:

16      LOT 293, ACCORDING TO THE MAP OF MONTCLAIR HIGHLANDS FILED

17        SEPTEMBER 11, 1925, IN THE OFFICE OF THE COUNTY RECORDER O F

18        ALAMEDA COUNTY AND RECORD IN MAP BOOK 4, PAGES 88 AND 89.

19      APN: 048E-7346-025.

20        41.    An order for relief was entered in this case before noon on May 31, 2018,

21  pursuant to 11 USC § 301, thus triggering an automatic stay, pursuant to 11 USC § 362(a) of all

22  debt collection against Robinson.

23        42.    Notwithstanding the fact that notice of filing for protection under Chapter 13 was

24  given to Defendants timely, the Property was "auctioned" May 31, 2018, after notice was given

25  to Defendants and Defendants assured Robinson the house would not be sold May 31, 2018.

26        43.    The Defendants' conduct has caused Plaintiffs to experience worries and

27  concerns that are separate from the anxiety about the bankruptcy. Plaintiffs' reactions and

28  emotions were not fleeting or inconsequential. Plaintiffs suffered significant emotional harm as

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF            - 7 -                   P001

1   a result of Defendants' conduct in willfully violating the automatic stay.  The circumstances

2   surrounding the violation make it obvious that a reasonable person would suffer significant

3   emotional harm.  Plaintiffs suffered actual damages in the forms of out-of-pocket expenses,

4   attorney's fees, and emotional distress.

5        44.      This case presents the Court with a classic example of the tangled web that the

6   mortgage industry has created that to their chagrin has left them without the lawful ability to

7   foreclose on a property by which they claim a home loan is secured by.  In addition, the case

8   also presents this Court with a classic example lenders gamesmanship with regard to the

9   governmental mandate to engage in loan modification and their refusal to do so, all the while

10  leading the borrowers to be ambushed with a foreclosure.

11                          CAUSES OF ACTION

12                 FIRST CAUSE OF ACTION – STAY VIOLATION

13                          (As to all Defendants)

14       45.      Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

15       46.      Defendants' conduct violated 11 USC §362(a).

16       WHEREFORE, Plaintiffs request an Order declaring the Defendants are guilty of civil

17  contempt by violating the automatic stay; and awarding Plaintiff compensatory damages,

18  punitive damages, and costs pursuant to 11 USC §362(k) and for contempt of Court, as well as

19  injunctive relief as set forth below in the prayer for relief.

20          SECOND CAUSE OF ACTION – INTENTIONAL INFLICTION OF

21                          EMOTIONAL DISTRESS

22                          (All Defendants)

23       47.      Plaintiffs incorporate all previous allegations as though fully set forth below.

24       48.      Defendants' conduct as described above was outrageous.

25       49.      Defendants intended to cause Plaintiffs emotional distress and/or Defendants

26  acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress,

27  knowing that Plaintiffs were present when the conduct occurred.

28       50.      Plaintiffs suffered severe emotional distress.  Defendants' above-described

Smith, et al., v. Barrett, Daffin, et al.                                                    P001
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF                          - 8 -

1   conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

2       51.   Plaintiffs are informed and believes that unlawful actions complained of herein,

3   as a result of which Plaintiffs sustained injuries and damages enumerated herein, were and are

4   violations of laws and fundamental public policies of the State of California and the Constitution

5   of the United States of America.  Thus, Plaintiffs' claims are not barred or preempted.

6   Defendants' conduct – fraudulently engaging in the foreclose process and foreclosing on the

7   Property in which they had no right, title, or interest – was so outrageous and extreme that it

8   exceeds all bounds which are usually tolerated in a civilized community.

9       52.   Such conduct was undertaken with the specific intent of inflicting emotional

10   distress on the Plaintiffs, such that Plaintiffs would be so emotionally distressed and debilitated

11   they would be unable to exercise legal rights in the Property; the right to title of the Property,

12   the right to cure the alleged default, right to verify the alleged debt Defendants are attempting to

13   collect, and right to clear title such that said title will regain marketability and value.

14       53.   At the time, when Defendants began their fraudulent foreclosure proceedings,

15   Defendants were not acting in good faith while attempting to collect on the subject debt.

16       54.   As an actual and proximate cause of Defendants' fraudulently foreclosing on the

17   Plaintiffs' home and in violation of automatic stay, Plaintiffs suffered severe emotional distress,

18   including but not limited to lack of sleep, anxiety, and depression.

19       55.   The conduct of Defendants, and each of them, as herein described, was so vile,

20   base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and

21   despised by ordinary people.  Plaintiffs are therefore entitled to punitive damages in an amount

22   appropriate to punish Defendants and to deter other from engaging in similar conduct.

23       WHEREFORE, Plaintiffs pray for relief as set forth below.

24               THIRD CAUSE OF ACTION – QUIET TITLE

25                   (As to all Defendants)

26       56.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

27       57.   As stated above, Defendants' and their counsel were aware of the bankruptcy

28   filing; in fact Defendants' agents were repeatedly warned by Robinson throughout the morning

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES          - 9 -                P001
AND INJUNCTIVE RELIEF

1  and into the afternoon of May 31, 2018, that sale of the subject property would violate the

2  automatic stay and will not be warranted.  Defendants agents repeatedly assured Robinson

3  there would be no sale on May 31, 2018, put the auction on hold for over an hour, and the

4  proceeded with the auction after yet another warning from Robinson.

5       58.    Plaintiffs are seeking to quiet title against the claims of defendants as follows:

6  the claims of defendants are without any right whatever and such defendants have no right ,

7  title, estate, lien, or interest whatever in the above-described property or any part thereof.

8       59.    Plaintiffs seek to quiet title as of the date this complaint is filed with the court.

9                   FORTH CAUSE OF ACTION – FORECLOSURE

10                            (As to all Defendants)

11       60.    Plaintiffs incorporate paragraphs 1-14 herein.

12       61.    As set forth above and as additionally alleged here, Defendant Wells ceased

13  engaging in good faith modification discussions and then refused a good faith and sufficient

14  reinstatement payment.

15       62.    Plaintiffs, who maintained legal and equitable interests in property, thus seek to

16  foreclose on Defendants and to regain possession of the Property.  Plaintiffs were granted and

17  continue to have a security interest in the Property, which permits foreclosure.

18       63.    Plaintiffs seek to foreclose and to quiet title as of the date this complaint is filed

19  with the court.

20                 FIFTH CAUSE OF ACTION – BREACH OF CONTRACT

21                          (As to Defendant Wells Fargo)

22       64.    Plaintiffs incorporate all previous allegations as though fully set forth below.

23       65.    As alleged above, there was a valid agreement between Plaintiffs and

24  Defendants.  That agreement required good faith modification discussions and acceptance of a

25  good faith and sufficient reinstatement payment.

26       66.    Defendants breached that contract.

27       67.    Defendants, despite repeated demands, failed and refused to perform under the

28  contract.

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES                         - 10 -                              P001
AND INJUNCTIVE RELIEF

68.    Plaintiff were harmed and damaged, and Defendants' conduct was a substantial factor in causing Plaintiff's harm and damage.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION – NEGLIGENCE

### (As to All Defendants)

69.    Plaintiffs incorporate all previous allegations as though fully set forth below.

70.    The relationship between Smith and Wells differed between than that relationship between a lender and borrower at the time the borrower first obtained a loan because Wells was not technically the initial lender and the parties had entered a series of agreements by which Wells committed to a good faith loan modification review.

71.    By 2017 and 2018, Smith and Wells were are no longer in an arm's length transaction and thus should not be treated as such.  While a loan modification is traditional lending, the parties were in an established relationship.  This relationship vastly differed from the one which exists when a borrower is seeking a loan from a lender because the borrower may seek a different lender if he does not like the terms of the loan.

72.    By failing to engage in a good faith loan modification review and then rejecting a good faith tender for reinstatement, Wells breached its duties to Smith and to Robinson because Wells had requested and considered Robinson's income and related information.

73.    By failing to forebear from the May 31, 2018, transaction – however one chooses to categorize the so-called auction after 1:30 p.m., on May 31, 2018, which resulted in Smith and Robinson being stripped of title – Defendants Wells, Barrett, Does 1-40, and each of them breached duties they owed to Plaintiffs.

74.    Plaintiff were harmed and damaged, and Defendants' conduct was a substantial factor in causing Plaintiff's harm and damage.

WHEREFORE, Plaintiffs pray for relief as set forth below.

/ /

## PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

1.  For a judgment that Plaintiffs are the owners in fee simple of the property and that Defendants have no interest in the property adverse to Plaintiffs, and Defendants no interest at all in the Property;

2.  For costs of suit and reasonable attorneys' fees, according to proof;

3.  For damages due in the form of higher property taxes and related expenses, estimated to be $250,000;

4.  For general damages not less than $1,500,000;

5.  For loss in the value of the Property caused by Defendants' waste and foreclosure conduct, estimated to be $350,000;

6.  For punitive damages as to Wells Fargo, no less than $1,000,000;

7.  Plaintiffs the right to re-possess property for non-performance and malfeasance by Defendants;

8.  For an order undoing the transactions of May 31, 2018, and all those which may have followed;

9.  For an order canceling the deeds of any kind recorded, including that June 6 or 7, 2018, Trustee's Deed Upon Sale;

10. For a temporary restraining order and preliminary injunction, mandating that the subject transactions by Defendants of May 31, 2018, be undone in their entirety together with any subsequent transactions flowing from the May 31, 2018, transaction(s);

11. For a temporary restraining order and preliminary injunction, prohibiting any further marketing, showing, and/or listing of the Property pending final determination of these issues; and,

12. For other such relief be granted to Plaintiffs as the Court deems just.

Date:  August 29, 2018

By:      Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiffs
EQUAAN D. SMITH, ET AL.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial, as is their right.

Date:  August 29, 2018

By:      Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiffs
EQUAAN D. SMITH, ET AL.

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

- 12 -

P001

<strong>VERIFICATION</strong>

1      I, Russell A. Robinson, am a plaintiff in this action and am counsel for Equaan D. Smith

2      herein; Equaan D. Smith is presently unavailable to verify this pleading.

3      I certify that I have reviewed the accompanying **VERIFIED COMPLAINT FOR**

4      **DAMAGES AND INJUNCTIVE RELIEF** and other relief and aver that the facts stated therein

5      are true and correct; as to facts stated as based on information and belief, I aver that these

6      facts are believed to be true.

7      I, Russell A. Robinson, hereby declare and aver under penalty of perjury and under the

8      laws of the State of California that the above is true and correct.

9

10

11 Date:   August 29, 2018

                              By:      Russell A. Robinson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Smith, et al., v. Barrett, Daffin, et al.*
VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF          - 13 -          P001

# EXHIBIT 3

# PREMIERE
## ASSET SERVICES
Premiere Asset Services is a dba of Wells Fargo
Home Mortgage, a division of Wells Fargo Bank, N.A.

06/06/2018

Occupant
6646 SARONI DRIVE
OAKLAND, CA 94611

Subject: A recent change in property ownership may affect you.

Dear Occupant,

We're writing to let you know that the property at 6646 SARONI DRIVE, OAKLAND, CA 94611 (which will be referred to as the "Property" in this letter) has recently had a change in ownership. Wells Fargo Bank, N.A. doing business as Premiere Asset Services ("PAS"), now services the Property and may market and sell the Property to interested buyers.  If you're currently living at this address, please contact us right away to discuss how the sale of this Property will affect you and what options may be available.

**You may be eligible for financial assistance**
This letter is not intended to cover all of the potential options. However, we want to make you aware that if you are currently occupying the Property and over 18 years old, you may be eligible for the following financial relocation assistance to help cover moving costs:

- $10,000 to move by 06-21-2018
- $6,360 to move by 07-01-2018
- $4,550 to move by 07-11-2018

To be eligible for this assistance, you must vacate the Property within the agreed time frame and leave it in broom-swept condition.  Certain restrictions apply.

**Important note for Servicemembers**
If you have been called to active military duty, or are the spouse, partner in civil union, domestic partner, or financial dependent of a person who has been called to active duty, you may be entitled to certain legal protections. Please see the enclosed details and notify us of your status immediately.

**Please call right away**
- Contact this real estate agent within five (5) business days to discuss your options.

    James Hawkins
    Alain Pinel Realtors
    1646 N. California Bd. Suite 101, Walnut Creek, CA 94596
    (925) 997-2452
    jhawkins@apr.com

- If you're unable to reach the agent, you may also contact PAS directly at 1-877-617-5274.

You should seek advice from an attorney if you have any questions concerning your rights.

# PREMIERE
## ASSET SERVICES

Premiere Asset Services is a dba of Wells Fargo
Home Mortgage, a division of Wells Fargo Bank, N.A.

Thank you.

Premiere Asset Services
Enclosure

 Gmail

Russell Robinson <rlaw345@gmail.com>

## CONFIDENTIAL OFFER: 6646 Saroni Drive, Oakland CA 94611

**Russell Robinson <rlaw345@gmail.com>**                          Tue, Sep 4, 2018 at 10:40 AM
To: jhawkins@apr.com

CONFIDENTIAL OFFER

Mr. Hawkins:

This is the offer with a few background facts. Please communicate this offer to your principal(s).

The "sale" which proceeded on May 31, 2018, after 130PM, violated the automatic stay provisions of the US Bankruptcy Code. In fact, we were told by both Wells and Barrett, Daffin that the sale would not proceed on May 31, 2018. Nonetheless, a transaction in violation of the stay proceeded. All transactions since that time through the end of July 2018 were violations of the stay order.

That sale was simply a transfer of the Property from the Trustee (Barrett, Daffin) back to Grantee Wells (formerly the Grantor). I now understand that Wells "paid" to Daffin, Barrett $1,051,315.22 on an unpaid debt of $1,081,942.10.

I learned just a few days ago that the Property is now for sale at $979,900.

Therefore, here is my (our) offer:

1. Stipulated █████████████████████████████████████████████████████████

2. We will buy the Property █████████████████████████

3. We will close on █████████████████

4. Wells (Barrett, Daffin) dismisses its UD case; I learned late last week that there already was a bad faith submission by Barrett, Daffin concerning a request for service by posting. As you know, we are readily available and have not avoided contact.

5. The sale will be in the form of a loan pay-off. Wells/Barrett transferred the Property unlawfully/erroneously on May 31, 2018, so this would simply be done with the needed correction/retraction in mind.

6. Within 10 days of receiving t████████████████████████████████████████████████ following:
   (a) A statement showing that balance is paid in full;
   (b) Canceled promissory note;
   (c) A certificate of satisfaction; and,
   (d) Canceled mortgage or deed of trust.

7. Of course, the marketing of the Property would have to cease for now, meaning that the Property should be removed from the market.

8. We will waive all claims for damages arising from the unlawful sale of May 31, 2018, and subsequent transactions.

9. Each side will waive costs and fees.

10. If we cannot close by █████████████████████████████████████████████████
█████

11. Additional terms would have to be worked out. These would have to include your compensation.

12. I do find it odd that you and I have an open line of communication but that the process server(s) retained by Barrett, Daffin never even left a business card, called, or made any effort at contact; while I recognize the fact you have nothing to

9/26/2018                        Gmail - CONFIDENTIAL OFFER: 6646 Saroni Drive, Oakland CA 94611

do with that UD case, I am not going to reimburse for the cost of that filing and subsequent bad faith filings in the UD case.

In this way, your principal(s) avoid a protracted eviction contest, get paid what they are requesting, you get compensated one way or the other, and other properties in the area are not negatively impacted.

Please advise at your earliest.

Thanks.

-- russell a. robinson
345 Grove Street, 1st Floor
San Francisco CA 94102
415.861.4416 [direct]
415.431.4526 [fax]

*This e-mail (along with any attachments) is considered confidential and legally may be privileged.  If you are not an intended recipient, but have received it in error, you are on notice of this status.  Please notify us immediately by reply e-mail, and then delete this message from your system.  Please do not copy it or use this e-mail for any purposes, or disclose its contents to any other person.  Thank you in advance for your cooperation.*

On Fri, Aug 31, 2018 at 1:00 PM James Hawkins <jhawkins@apr.com> wrote:
Very good. Thank you.

*Warmest Regards,*

*James Hawkins*
*Alain Pinel Realtors*
*Cell : 925-997-2452*
*email; jhawkins@apr.com*
*Website; http://www.jhawkins.apr.com*
*Facebook; https://www.facebook.com/brentwoodhomes*

*DRE 01304088*

*"I have not and will not verify or investigate any of the information contained in documents that were prepared by other people or 3rd parties."*

**From:** Russell Robinson <rlaw345@gmail.com>
**Sent:** Friday, August 31, 2018 12:59:18 PM
**To:** James Hawkins
**Subject:** 6646 Saroni Drive

9/26/2018                              Gmail - CONFIDENTIAL OFFER: 6646 Saroni Drive, Oakland CA 94611

Mr. Hawkins:

I will have an offer for you over the weekend.

Thanks.

-- russell a. robinson
345 Grove Street, 1st Floor
San Francisco CA 94102
415.861.4416 [direct]
415.431.4526 [fax]

*This e-mail (along with any attachments) is considered confidential and legally may be privileged.  If you are not an intended recipient, but have received it
in error, you are on notice of this status.  Please notify us immediately by reply e-mail, and then delete this message from your system.  Please do not copy
it or use this e-mail for any purposes, or disclose its contents to any other person.  Thank you in advance for your cooperation.*

1   Russell A. Robinson, SBN 163937
     Law Office of Russell A. Robinson
2   345 Grove Street, 1st Floor
     San Francisco, CA 94102
3   Phone:    415.861.4416
     Fax:      415.431.4526
4   rlaw345@gmail.com

5   Counsel for Plaintiffs
     **ÉQUAAN D. SMITH and**
6   **RUSSELL A. ROBINSON**

**ENDORSED
FILED
ALAMEDA COUNTY**

**SEP 2 6 2018**

CLERK OF THE SUPERIOR COURT

**Anita Dhir**

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF ALAMEDA – UNLIMITED CIVIL JURISDICTION

10

11  ÉQUAAN D. SMITH, et al.,       ) No.    RG-18-918954
                          )
12      Plaintiff,          ) **REQUEST FOR JUDICIAL NOTICE IN**
                          ) **SUPPORT OF** *EX PARTE* **APPLICATION**
13  v.                     ) **[JURY TRIAL DEMANDED]**
                          )
14  BARRETT, DAFFIN, FRAPPIER, TREDER & ) Date:    September 27, 2018
     WEISS, LLP; et al.,       ) Time:    9:00 a.m.
                          ) Dept:   16
15      Defendants.      ) Res:    R-2000394
     —————————————————)

16

17      Plaintiffs hereby request that this Court take judicial notice on September 27, 2018, in

18  connection with their *ex parte* application considered on said date, pursuant to California Rules

19  of Evidence, Rules 452-454, of the following things attached as exhibits hereto:

20        (4)    Grant Deed, recorded May 31, 2018 (APN: 048E-7346-025);

21        (5)    Notice of Bankruptcy Filing and Certificate of Counseling, filed May 31, 2018, in
22              case number 18-41273 (redacted of confidential information);

23        (6)    Complaint for Unlawful Detainer, case number RG-18-913450, Superior Court of
                the State of California, County of Alameda, *Wells Fargo Bank, NA, v. Équaan*
24              *Dia Smith, et al.*, July 19, 2018; and,

25        (7)    Register of Actions, case number RG-18-913450, Superior Court of the State of
                California, County of Alameda, *Wells Fargo Bank, NA, v. Équaan Dia Smith, et*
26              *al.*, August 28, 2018.

27  Date: September 26, 2018

28                  By:    Russell A. Robinson
                    Law Office of Russell A. Robinson

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF *EX PARTE* APPLICATION
*Smith, et al., v. Barrett, Daffin, et al.*               1                         P021RFJN

# EXHIBIT 4

**Recording Requested By:**
Russell A. Robinson, Atto...ey At Law



2018107693    05/31/2018 12:19 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
STEVE MANNING
RECORDING FEE:          95.00

**When recorded, mail this deed and tax statements to:**

Equaan Dia Smith
6646 Saroni Drive
Oakland CA 94611

APN:  048E-7346-025

3   PGS

## GRANT DEED

State of California          )
                            )
                            )
County of Alameda           )

   This indenture hereby witnesses: Equaan Dia Smith, an adult, married, woman, who owns the undivided 100% (one hundred percent) interest in the below described property as her separate property, under that Grant Deed recorded June 7, 2004, having been granted said interest by Natalie Silverman, Trustee under Declaration of Trust dated August 13, 1986,

   in return for valuable consideration, receipt of which is hereby acknowledged, does hereby Grant, convey, and otherwise relinquish a four percent (4%) interest in the below described property to Russell A. Robinson, an adult, married man, as his separate property,

   Russell A. Robinson shall henceforth own four percent (4%) of the parcel(s) at 6646 Saroni Drive, in Alameda County, in the City of Oakland, covering the following property (APN: 048E-7346-025):

   SEE ATTACHED EXHIBIT FOR LEGAL DESCRIPTION.

_____
Equaan Dia Smith

This transfer is a gift and without consideration between spouses.  Under Revenue and Taxation Code section 11930: "Any tax imposed pursuant to this part shall not apply to any deed, instrument, or other writing which purports to grant, assign, transfer, convey, divide, allocate, or vest lands, tenements, or realty, or any interest therein, if by reason of such inter vivos gift or by reason of the death of any person, such lands, tenements, realty, or interests therein are transferred outright to, or in trust for the benefit of, any person or entity."

## EXHIBIT "ONE"

Lot 293, according to the map of Montclair Highlands filed September 11, 1925, in the Office of the County Recorder of Alameda County and of Record in Map Book 4, pages 88 and 89.

Assessor's Parcel No. 048E-7346-025

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ _Alameda_ _____)

On _Feb. 23. 2018_ before me, _Nina Bazaz 3-12-12_
_____
(insert name and title of the officer)

personally appeared _Fabian Dia Smith_ _____
_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Nina Bazaz_ _____    (Seal)

> NINA BAZAZ
> COMM. #2164800
> Notary Public - California
> San Joaquin County
> My Comm. Expires Oct. 13, 2020

# EXHIBIT 5

United States Bankruptcy Court
Northern District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 05/31/2018 at 11:53 AM and filed on 05/31/2018.

**Russell Alan Robinson**
345 Grove St
San Francisco, CA 94612
SSN / ITIN: xxx-xx-3646
*aka* A. Russell Robinson
*dba* Law Office of Russell A. Robinson

FILED
05/31/2018
11:48 AM

The bankruptcy trustee is:

**Martha G. Bronitsky**
P.O. Box 5004
Hayward, CA 94540
(510) 266-5580

The case was assigned case number 18-41273 to Judge Roger L. Efremsky.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the
debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all,
although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action
in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page https://ecf.canb.uscourts.gov/ or at the Clerk's Office, 1300 Clay Street, Suite 300, Oakland, CA
94612.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important
deadlines.

Edward J. Emmons
Clerk, U.S. Bankruptcy Court

**EXHIBIT B to Notice of Removal**
**Page 64**

5/31/2018, 11:53 AM

EXHIBIT B to Notice of Removal
Page 65

ORIGINAL FILED **18-41273**

MAY 3 1 2018

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

Certificate Number: 15725-CAN-CC-031108240

15725-CAN-CC-031108240

# CERTIFICATE OF COUNSELING

I CERTIFY that on May 30, 2018, at 7:00 o'clock PM EDT, Russell Robinson received from 001 Debtorcc, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Northern District of California, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date:   May 30, 2018                    By:   /s/Calvin Yim

Name:   Calvin Yim

Title:   Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

# EXHIBIT 6

20788894

1    JAMES T. LEE
     State Bar No. 110858
2    BARRETT DAFFIN FRAPPIER
     TREDER & WEISS, LLP
3    20955 Pathfinder Road, Suite 300
     Diamond Bar, CA  91765
4    (626) 915-5714 - Phone
     (626) 915-0289 - Fax
5    JAMESL@BDFGROUP.COM
6
7    Attorneys for Plaintiff
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10             COUNTY OF ALAMEDA, OAKLAND
11   WELLS FARGO BANK, N.A.            CASE NO.  RG18913450
12                                     COMPLAINT FOR UNLAWFUL DETAINER
13                                     (DEMAND UNDER $10,000)
14
15                Plaintiff,           (Action based on Cal. Code of Civ. Pro. §§ 116.1a(b)(3))
16        vs.
17
18   EQUAAN DIA SMITH; and DOES 1 to 10,
     inclusive,
19
20                Defendants.
21
22        Plaintiff alleges the following:
23
24        1.    Plaintiff WELLS FARGO BANK, N.A. is the current owner of certain real property
25   and improvements thereon commonly known as 6646 SARONI DRIVE, OAKLAND,
26   CALIFORNIA 94611 following a non-judicial foreclosure sale held in accordance with California
27   Civil Code §§ 2924 et seq.  Plaintiff's title was duly perfected by Trustee's Deed Upon Sale

FILED
ALAMEDA COUNTY

JUL 19 2018

CLERK OF THE SUPERIOR
By _Debra_Tuntula_ Deputy

COMPLAINT FOR UNLAWFUL DETAINER
-1-

BVCA_Complaint_UD_3Days.rpt ( 09/03/2012 ) / Ver-28                    0000007683246

EXHIBIT B to Notice of Removal
Page 68

defendant has failed and refused to surrender possession of said real property and continues to occupy the real property without plaintiff's authorization or consent.

7.   The fair and reasonable rental value of the real property is $50.00 per day.  Plaintiff is entitled to recover a money judgment against defendants for their continued occupancy of the real property at this daily rate from and after expiration of the notice to quit through the date of judgment.

8.   Plaintiff is entitled to restitution and possession of the real property from defendants named herein pursuant to California Code of Civil Procedure §§ 1161a(b)(3) and therefore requests a judgment enforceable by any authorized law enforcement agency.

WHEREFORE, plaintiff prays judgment as follows:

1.   For judgment awarding plaintiff restitution and possession of the real property;

2.   For monetary damages according to proof;

3.   For costs of suit incurred herein;

4.   For such other and further relief as the court deems proper.

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP

Date: July 16, 2018                    By: _____

JAMES T. LEE, Attorneys for Plaintiff
SBN 110838

COMPLAINT FOR UNLAWFUL DETAINER
-3-

EVCA_Complaint_UD_3Days.rpt ( 09/03/2012 ) / Ver-28                                       00000007893246



Recording requested by:
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP
4004 Belt Line Road, Suite 100
Addison, Texas 75001-4320

When Recorded Mail to and Mail Tax Statement to:
WELLS FARGO BANK, N.A.
c/o WELLS FARGO HOME MORTGAGE, A D  et al
3476 STATEVIEW BLVD
FORT MILL, SC 29715

APN #: 048E-7346-025
Property Address:
6646 SARONI DRIVE
OAKLAND, CALIFORNIA 94611

TDUS20090015003366

THIS IS TO CERTIFY THAT THIS IS A FULL, TRUE AND
CORRECT COPY OF THE ORIGINAL RECORDED
IN THE OFFICE OF ALAMEDA COUNTY

RECORDED ON:     June 6, 2018

AS DOCUMENT NO.:  2018111344

BY:   s/ VANGIE ORTEGA
SERVICELINK TITLE COMPANY

Space above this line for Recorder's use only

Trustee Sale No.: 20090015003366          Title Order No.: 090831374

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:
1)   The Grantee herein WAS the foreclosing beneficiary
2)   The amount of the unpaid debt together with cost was          $1,081,942.10
3)   The amount paid by the grantee at the trustee sale was        $1,051,315.22
4)   The documentary transfer tax is                               $0.00
5)   Said property is in the city of  OAKLAND

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, as the duly appointed Trustee under the Deed of Trust hereinafter
described, does hereby grant and convey, but without covenant or warranty, express or implied, to:

WELLS FARGO BANK, N.A.

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Alameda, State of
California, described as follows:

LOT 293, ACCORDING TO THE MAP OF MONTCLAIR HIGHLANDS FILED SEPTEMBER 11, 1925, IN THE OFFICE OF
THE COUNTY RECORDER OF ALAMEDA COUNTY AND OF RECORD IN MAP BOOK 4, PAGES 88 AND 89.

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated  05/19/2004 and
executed by  EQUAN DIA SMITH, AN UNMARRIED WOMAN  Trustor(s), and  Recorded on 06/07/2004 as Instrument
No. 2004251442  of official records of Alameda County, California, and after fulfillment of the conditions specified in said Deed of
Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said
County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the
personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been
complied with.

MAIL TAX STATEMENTS AS DIRECTED ABOVE

FCUS_TrusteeDeedUponSale.rpt- (10/17/2011) LVer-26                                         Page 1 of 2




**BARRETT DAFFIN FRAPPIER**
**TREDER & WEISS, LLP**

A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

20955 PATHFINDER ROAD, SUITE 300
DIAMOND BAR, CALIFORNIA 91765
TELEPHONE: (626) 915-5714
TELECOPIER: (626) 915-0289

June 26, 2018

EQUAAN DIA SMITH
AND OTHER UNKNOWN OCCUPANTS WHO ARE NOT TENANTS
6646 SARONI DRIVE
OAKLAND, CALIFORNIA 94611

### THREE DAY NOTICE TO QUIT
(CODE CIV. PROC. §§ 1161a(b)(3))

YOU ARE HEREBY NOTIFIED that WELLS FARGO BANK, N.A. is the new owner of the real property located at 6646 SARONI DRIVE, OAKLAND, CALIFORNIA 94611 ("the Property"), having acquired title at or following a non-judicial foreclosure sale held in accordance with CIV. CODE §§ 2924 et seq. under the power of sale contained in that certain Deed of Trust executed by EQUAAN DIA SMITH, as trustor, and recorded on June 7, 2004, as Instrument No. 2004251442, in the Office of the Alameda County Recorder. The new owner's title has been duly perfected by Trustee's Deed Upon Sale, or by Grant Deed, recorded in the Office of the Alameda County Recorder. State law allows the new owner to remove tenants or subtenants by appropriate legal action unless local ordinances impose just cause eviction controls. Federal law provides additional protections for tenants who receive federally-subsidized housing assistance under Section 8 of the United States Housing Act.

The subject property is exempt from Oakland's *Just Cause For Eviction Ordinance* (O.M.C §8.22.300 *et seq.*) as the subject property is a single family residence and not a "rental unit" formally owned and currently occupied by the former owner and/or trustor under the aforementioned Deed of Trust, and those occupying under and with the permission of the former owner and/or trustor and are not "tenant(s)."

YOU ARE FURTHER NOTIFIED that your occupancy rights shall terminate effective THREE (3) CALENDAR DAYS after service of this Notice. You must vacate and surrender possession of the Property before that date, or we will commence legal proceedings against you to declare your occupancy rights forfeited, to obtain restitution and possession of the Property and to obtain a money judgment against you for holdover damages and recoverable court costs.

Information regarding evictions is available from the City of Oakland's Rent Program. Parties seeking legal advice concerning evictions should consult with an attorney. Oakland's Rent Program is located at 250 Frank H. Ogawa Plaza, Suite 5313, Oakland, CA 94612. Telephone: (510) 238-3721, website: www.rapwp.oaklandnet.com.

PLEASE BE ADVISED THAT THIS LAW FIRM IS A DEBT COLLECTOR.
ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE

 

## IMPORTANT NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS:
## PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT

Servicemembers on "active duty" or "active service," or a dependent of such a servicemember may be entitled to certain legal rights and protections, including protection from eviction, pursuant to the Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-596), as amended, (the "SCRA") and, possibly, certain related state statutes.

Who may be entitled to Legal Protections under the SCRA:

- Active duty (as defined in 10 U.S.C. § 101(d)(1)) members of the Army, Navy, Air Force, Marine Corps, Coast Guard and active service National Guard;
- Active service members of the commissioned corps of the National Oceanic and Atmospheric Administration;
- Active service members of the commissioned corps of the Public Health Service;
- United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; and
- Their spouses.

Eligible service also includes any period during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause.

Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.

"Military OneSource" is the U.S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.com/scra or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

If you are a servicemember, or a dependent of a servicemember, you should contact our eviction department at (626) 915-5714 to discuss your status under the SCRA

JAMES T. LEE
Attorneys for WELLS FARGO BANK, N.A.

BDFTW # 7683246

PLEASE BE ADVISED THAT THIS LAW FIRM IS A DEBT COLLECTOR.
ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE

# EXHIBIT 3

| Attorney or Party Without Attorney (Name and Address): | Telephone No.: | FOR COURT USE ONLY |
|---|---|---|
| Barrett, Daffin, Frappier, Treder & Weiss<br>20955 Pathfinder Road          Suite 300<br>Diamond Bar              CA          91765<br>Attorney For: PLAINTIFF | (626)915-5714<br>Reference Number:<br>3742355          7883246 | |

| Plaintiff/Petitioner:      Wells Fargo Bank, N.A. | | | |
|---|---|---|---|
| Defendant/Respondent:  Equaan Dia Smith, et al. | | | |

| PROOF OF SERVICE<br>"FILE BY FAX" | Hearing Date: | Time: | Dept./Div.: | Case Number:<br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Three Day Notice to Quit and Notice to Tenant Coversheet

On the following tenant(s): Equaan Dia Smith.

Address:  6646 Saroni Drive
          Oakland, CA 94611

Date and Time of Posting:  7/4/2018 at 11:45am.

There being no person of suitable age or discretion to be found at the property, and a business address could not be ascertained, service was effected BY POSTING a copy for the above-named entity(s) in a conspicuous place on the property therein described, and thereafter by MAILING by first-class mail on said date a copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named entity(s) at the place where the property is situated.

FILE BY FAX PER CRC 2.303

| 7. Person Serving (name, address and telephone No.): | Fee for service: $  $80.00 |
|---|---|
| **Attorney Service of San Dimas**<br>142 East Bonita Avenue, #51<br>San Dimas, CA 91773<br>(909)394-1202  Fax (909)394-1204 | Robert Downing<br>Registered California Process Server:<br>(i) Independent Contractor<br>(ii) Registration No.:  82<br>(iii) County: Alameda |

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/10/2018

_____
(Signature)

Judicial Council form POS-010•                    **Proof of Service**                    Code Civil Procedure 417.10(f)

| Attorney of Party Without Attorney (Name and Address) | | | Telephone No: | | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| Barrett, Daffin, Frappier, Treder & Weiss<br>20955 Pathfinder Road              Suite 300<br>Diamond Bar           CA           91765<br>Attorney For: PLAINTIFF | | | (626)915-5714 | | |
| | | | Reference Number:<br>3740357              7683246 | | |

| Plaintiff/Petitioner:   Wells Fargo Bank, N.A. |
| Defendant/Respondent:   Equaan Dia Smith, et al. |

| PROOF OF SERVICE<br>"FILE BY FAX" | Hearing Date: | Time: | Dept/Div: | Case Number:<br>NOTICE |
|---|---|---|---|---|

I, the undersigned declare that at the time of the service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

Three Day Notice to Quit and Notice to Tenant Coversheet

On the following tenant(s):   Unknown Occupants Who are not Tenants

Address:   6646 Saroni Drive
          Oakland, CA 94611

Date and Time of Posting:   7/4/2018 at 11:45am.

There being no person of suitable age or discretion to be found at the property, and a business address could not be ascertained, service was effected BY POSTING a copy for the above-named entity(s) in a conspicuous place on the property therein described, and thereafter by MAILING by first-class mail on said date a copy to each entity(s) by depositing said copies in the U.S. Mail in a sealed envelope with postage fully pre-paid, addressed to the above-named entity(s) at the place where the property is situated.

FILE BY FAX PER CRC 2.303

7. Person Serving (name, address, and telephone No.):

**Attorney Service of San Dimas**
142 East Bonita Avenue, #51
San Dimas, CA 91773
(909)394-1202 Fax (909)394-1204

Fee for service: $   $0.00
Robert Downing
Registered California Process Server:
(i) Independent Contractor
(ii) Registration No.:  82
(iii) County: Alameda

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/10/2018

(Signature)

Judicial Council form POS-010                    **Proof of Service**                    Code Civil Procedure #17.10(f)

# EXHIBIT 7

COUNTY OF ALAMEDA : Rene C. Davidson Alameda County Courthouse                    Page: 1

DOMAIN CASE SUMMARY

Rundate:08/28/2018

Case Number  RG18913480

------------------------------------------------------------------------------

Case Title  Wells Fargo Bank, N.A. VS Smith

Type          General Civil                                        Status       Pending

Filing Date  07/19/2018                                            Stage        Filed

Location     Rene C. Davidson Alameda County Courthouse

Jurisdiction Limited

------------------------------------------------------------------------------

Matter Filed Date  Matter Title                        Matter Status   Disposition Type : Date

------------------------------------------------------------------------------

07/19/2018      Unlawful Detainer - (Foreclosure)          Pending

   Plaintiff                      Wells Fargo Bank, N.A.

   Defendant        Named         Equaan Dia Smith

------------------------------------------------------------------------------

RofADate    RofA Text

------------------------------------------------------------------------------

07/19/2018  Unlawful Detainer - (Foreclosure) Filed

07/19/2018  Civil Case Cover Sheet Filed for Wells Fargo Bank, N.A.

07/19/2018  Summons on Complaint Issued and Filed

07/20/2018  Notice of Access to UD Case Issued

08/16/2018  Application Re: Posting Summons and Complaint Filed for Wells Fargo Bank, N.A.

08/16/2018  Application Re: Posting Summons and Complaint Routed to Judge

08/17/2018  Application Re: Posting Summons and Complaint Denied

Report Id : Case Reports - Register Of Action



21031925

1   Russell A. Robinson, SBN 163937
    Law Office of Russell A. Robinson
2   345 Grove Street, 1ˢᵗ Floor
    San Francisco, CA 94102
3   Phone:      415.861.4416
    Fax:        415.431.4526
4   rlaw345@gmail.com

5   Counsel for Plaintiffs
    EQUAAN D. SMITH and
    RUSSELL A. ROBINSON

F I L E D
ALAMEDA COUNTY

SEP 2 7 2018

CLERK OF THE SUPERIOR COURT
By_____
                        Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF ALAMEDA – UNLIMITED CIVIL JURISDICTION

10  EQUAAN D. SMITH, et al.,              )   No.   RG-18-918954
                                          )
11       Plaintiff,                       )   [Proposed] ORDER GRANTING
                                          )   TEMPORARY RESTRAINING ORDER AND
12                                        )   ORDER TO SHOW CAUSE RE:
    v.                                    )   PRELIMINARY INJUNCTION
13                                        )
    BARRETT, DAFFIN, FRAPPIER, TREDER &   )
14  WEISS, LLP; et al.,                   )   Property Address:
                                          )   6646 Saroni Drive
15       Defendants.                      )   Oakland CA 94611
                                          )
16  _____)

17       The application by Plaintiffs EQUAAN D. SMITH and RUSSELL A. ROBINSON, having

18  been considered by the Court in this matter, it is hereby ordered as follows:

19       The application is GRANTED.

20       Defendants BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP, and WELLS

21  FARGO BANK, NA, and all other persons/entities acting on behalf of, in concert with, at the

22  behest of, or through, said defendants are hereby enjoined, restrained, and otherwise

23  prohibited from selling, attempting to sell, buying or attempting to buy, to market, or through

24  other means transferring the real property located at 6646 Saroni Drive in Oakland, California.

25  A legal description of the real property is below and incorporated into this Order.

26       The Court further orders Defendants to show cause why a preliminary injunction should not

27  issue enjoining, restraining, and otherwise prohibiting Defendants and all other persons/entities

28

[Proposed] ORDER GRANTING TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION
Smith, et al., v. Barrett, Daffin, et al.                1                                    PO22ORDER

EXHIBIT B to Notice of Removal
Page 78

1   acting on behalf of, in concert with, at the behest of, or through, said defendants from selling,

2   attempting to sell, buying or attempting to buy, to market, or through other means transferring

3   the real property located at 6646 Saroni Drive in Oakland, California.

4        All papers in support of the request preliminary injunction shall be served personally on or

5   before September 28, 2018.  All opposition papers shall be filed and served personally on or

6   before _Oct. 23_, 2018.  All reply papers shall be filed and served personally on or

7   before _Oct. 30_, 2018.  Parties and counsel are reminded of their obligations to

8   lodge courtesy copies with Department 16 in a timely manner.

9        Hearing of the request for preliminary injunction shall be on _Nov. 6, 2018_ in

10  Department _16_ of this Court, at _9_ a.m.

11       Until said hearing, the subject real property at 6646 Saroni Drive in Oakland, California,

12  shall not be sold or otherwise transferred without express written agreement of the parties or

13  further order of the Court.

14  **IT IS SO ORDERED.**

15

16  Date: September 27, 2018

17                                   Judge of the California Superior Court
                                     County of Alameda

18

19       The legal description of the property is as follows:

20  LOT 293, ACCORDING TO THE MAP OF MONTCLAIR HIGHLANDS FILED SEPTEMBER
21  11, 1925, IN THE OFFICE OF THE COUNTY RECORDER O F ALAMEDA COUNTY AND
    RECORD IN MAP BOOK 4, PAGES 88 AND 89.
    APN: 048E-7346-025.

22

23

24

25

26

27

28

Proposed] ORDER GRANTING TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION
*Smith, et al., v. Barrett, Daffin, et al.*                2                                P022ORDER

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 North Lake Avenue, Suite 1100, Pasadena, California 91101-4158.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A., PURSUANT TO 28 U.S.C. §§ 1441(b), 1331 & 1334 [FEDERAL QUESTION]**

on the interested parties in said case as follows:

| *Attorneys for Plaintiffs*<br>*Equaan Smith and Russell Robinson* | *Attorneys for Defendant*<br>*Barrett, Daffin, Frappier, Treder & Weiss, LLP* |
|---|---|
| Russell A. Robinson, Esq.<br>LAW OFFICE OF<br>RUSSELL A. ROBINSON<br>345 Grove Street, First Floor<br>San Francisco, CA 94102<br>rlaw345@gmail.com<br>Tel: 415.861.4416<br>Fax 415.431.4526 | Edward A. Treder, Esq.<br>James T. Lee, Esq.<br>BARRETT DAFFIN FRAPPIER<br>TREDER & WEISS, LLP<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA  91765<br>edwardt@bdfgroup.com<br>jamesl@bdfgroup.com<br>Tel: 626.915.5714<br>Fax: 909.595.7640 |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **October 4, 2018.**

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |